THE GRACELAND CEMETERY COMPANY

*v.*

THE PEOPLE *ex rel.* Samuel H. McCrea, Collector, etc.

1. JUDGMENT—*determination of county court on application for judgment for taxes.* The determination of the county court upon an application for an order for the sale of land for taxes due thereon is a judgment, whether the same is adverse or in favor of the party resisting the same, and is conclusive upon the parties, where the court has jurisdiction, until it is reversed or set aside by some legal proceeding instituted for that purpose.

2. SAME—*binding though erroneous.* Where there is .no want of jurisdiction, an erroneous judgment is just as binding on the parties to it, until reversed, as a judgment entirely free from error.

3. FORMER ADJUDICATION—*as a bar to second suit.* The judgment of the county court holding that lands are not liable to taxation for certain years, on application for judgment against the same, is a conclusive bar,· until reversed, as against a second application for judgment for the taxes of the same years.

4. There is no difference in this respect between a judgment in a proceeding to collect taxes and any other judgment.

APPEAL from the County Court of Cook county ; the Hon. MASON B. LOOMIS, Judge, presiding.

Messrs. JEWETT & NORTON,·for the appellant.

Mr. CONSIDER H. WILLETT, and Mr. JOHN P. WILSON, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court :

This is an appeal from a judgment rendered by the county court of Cook county, against certain lands belonging to appellant, for the taxes of 1871 to 1874, inclusive.

It appears from the record in the case that in the year 1873 application was made to the county court of Cook county for judgment against the same lands for taxes which had been assessed against them for the year 1871, being a part of the same taxes for which the present judgment was rendered ; and that appellant, by its counsel, appeared in the county court and filed written objections, as required by the statute, specifying the reasons why judgment should not be rendered against the lands for the taxes in question. There was a formal hearing

and determination of these objections in the county court, at its June term, 1873. Among the reasons assigned, as appears from the objections filed, why the application for judgment should be denied, was a claim on the part of appellant that the lands in question were, under the provisions of the company's charter, exempt from taxation. This was the main question upon the hearing—indeed the only one to which the evidence was directed, or relied upon in the argument.

Upon due consideration the county court held the lands were not subject to taxation, and thereupon a formal judgment was entered of record by the court denying the application for judgment against the lands in question. No appeal or writ of error was ever taken or prosecuted from this judgment, and the same is now in full force and effect.

Like proceedings were had in the same court in the years 1873 and 1875, resulting in the same way, with respect to the taxes assessed against the same lands for the year 1872 and the years 1873 and 1874, and these latter judgments, as admitted, and shown by the records of the county court, are also in full force and effect. And the question now presented is, were these judgments rendered by the county court in 1873 and 1875 respectively, with respect to taxes assessed upon these lands for the years 1871 to 1874 inclusive, a bar to the present application for judgment against the same lands for the same taxes in 1879? That this is the main, indeed the only question involved in the case, is admitted by counsel on both sides.

It would appear, on general principles, that there could hardly be two views on this question. For really it seems to resolve itself into the simple inquiry, whether the determination of the county court upon an application for a judgment against lands for taxes is a judgment at all or not. That such a determination, when adverse to the party resisting the application, is characterized as a judgment by the legislature, the courts, law-writers, and the profession generally, is without question, and that the term thus applied is used in its ordinary and technical meaning does not seem to us to admit of

a doubt. This being so, it must necessarily follow that the determination of the court, when favorable to the objector, is equally a judgment; for it were absurd to hold the decision of the court a judgment if adverse to the objector, and not a judgment if in his favor. If such a determination is binding at all, it must be conclusive on the parties thereto until it is reversed or set aside by some legal proceeding instituted for that purpose. If not binding at all, why did the legislature provide for an appeal in such cases? Why incur the expense, and go through the idle and useless ceremony of appealing a case of this kind, if the adjudication is binding upon no one?

Blackwell, in his work on Tax Titles, page 221, in speaking of judgments of this character, says: "The true rule undoubtedly is, that if jurisdiction appears by recital or otherwise upon the record, the judgment will be sustained, although the evidence upon which they acted is not spread upon the record. The effect thus given to this class of judgments, where their jurisdiction is once established, is substantially the same given to a judgment rendered by a court of general jurisdiction proceeding according to the course of the common law. The reversal of such judgment will not defeat the title of a purchaser acquired while the judgment was in full force, and the judgment itself, so long as it remains in force, can not be impeached collaterally, unless it is absolutely void."

It is not claimed by appellee that there was a want of jurisdiction, or even an irregularity in the proceedings of the county court. Hence we must assume that the court had jurisdiction and competent authority to enter the order in question, and it therefore follows that when tested by the authority just cited, it was and is binding upon the parties to the proceeding, until reversed or set aside. It may be conceded that the county court erred in denying the application for judgment for the reasons assigned, but that can not change the effect of the judgment. Where there is no want of jurisdiction an erroneous judgment is just as binding on the parties to it, until reversed, as a judgment entirely free from error.

Freeman, in his work on Judgments, 2d edition, sec. 135, in discussing the question under consideration, says : " Jurisdiction being obtained over the person and the subject matter, no error in its exercise can make the judgment void.   The authority to decide being shown it can not be divested by being improperly or incorrectly employed.   Error of decision may be corrected, but not so as to reach those who have in good faith relied upon its correctness.   The same rules apply to actions to recover delinquent taxes as in other cases in respect to collateral attacks.   It can not be shown, to avoid the effect of such judgments, that the taxes were previously paid."

It is clear, upon principle and authority, there is no difference between a judgment rendered in a proceeding to collect taxes and any other judgment, so far as being binding on the parties is concerned.   *Hundley & Rees* v. *The Commissioners, etc.* 67 Ill. 563; *Andrews* v. *The People,* 83 id. 529.   See *Eitel* v. *Foote,* 39 Cal. 440.   Sec. 276, ch. 120 of Rev. Stat. of 1874, affords no authority for ignoring the judgments in question. While they remain unreversed and in full force that section can have no application to or effect upon the rights of the parties to this suit.

Of course the rule here laid down is applicable only to a case where there has been a trial on the merits, the court having jurisdiction of the person and subject matter of the suit, and does not apply where there has not been a trial on the merits, or where there is a want of jurisdiction.

The initiatory steps of whatever remedy appellee may have must of necessity be the prosecution of a writ of error, or some other direct proceeding to reverse or set aside these judgments.   By this remark we do not wish to be understood as expressing an opinion as to whether a writ of error or other proceeding is not barred by the Statute of Limitations, so far as the judgment in 1873 is concerned.

For the reasons stated the judgment of the county court must be reversed.

*Judgment reversed.*