Peter Neff

*v.*

Robert Smyth.

*Filed at Mt. Vernon September 27, 1884.*

1. Tax title—*of the judgment record—convening order.* The fact that a tax judgment record of the county court contains no formal convening order, is not a fatal objection to the validity of a tax title growing out of a sale under the judgment, if such record book shows anywhere on its face that the county judge was present, that business of a judicial character was passed upon, that the court adjourned and reassembled, and that a record was kept of the proceedings of the court, and the judgment is signed by the judge.

2. Same—*judgment, as showing the years for which taxes are due.* As to "back taxes," merely, where no forfeiture has taken place, the lands are only liable for interest on the back tax itself, and such "back taxes" are required to be brought forward "in separate columns designating the year or years," as provided in section 277 of the Revenue law; but with respect to "forfeited taxes" the statute does not so require, but directs that these taxes, when ascertained in any given year, by adding together the back tax, interest, penalty and printer's fees, as provided in section 129, shall be added to the tax of the current year, and the aggregate amount so added together shall be collected in like manner as the taxes on other real property for that year are collected.

3. In this case, the application for judgment recorded in the judgment record book, and forming part of the judgment, gave, in separate columns,

each tax of the current year, then "forfeited tax," of \$1138.13, then costs, fifty-one cents, then total amount due, \$1274.92, opposite each lot; and in the caption to the application the taxes were stated to be for "the year 1878, and for forfeited back taxes for the year A. D. 1877 and previous years:" *Held,* that in respect of designating the "year or years" for which the taxes were due, the judgment was sufficient.

4.  SAME—*party appearing and contesting application for judgment, concluded by the judgment.* Where a tax-payer appears and contests an application for judgment against his lots, for several years, as to certain taxes alleged to have been illegal, and his objections are sustained, and judgment rendered only for the taxes not complained of, under which his lots are sold, he will be estopped by the judgment from urging against the validity of the tax title any other objection to the legality of any of the other taxes embraced in the judgment.

5.  Where there is jurisdiction of the person and subject matter, a judgment is binding upon all parties and privies to it until it is reversed in a regular proceeding for that purpose, and its validity can not be inquired into in any collateral proceeding. If any ground of defence is omitted to be presented before judgment, the defendant will be precluded from afterwards taking advantage thereof. This applies equally to a judgment against land for taxes as to any other.

6.  SAME—*precept—as showing for what years taxes are due.* A precept for the sale of lands for the taxes of 1878 and back forfeited taxes, was made with a column in which to specify the year or years for which the taxes were due, which was wholly blank, there being no reference to any year except the year 1878, in the head or commencement, in these words: "Tax sale and redemption record, Alexander county, Illinois—Sale of taxes, 1878," and then proceeding: "Record of lands and lots against which judgment was rendered at the May term, 1879, of the county court of Alexander county," etc.: *Held,* a substantial compliance with the statute as a statement of the year or years for which the tax was due, the back forfeited taxes being properly treated as the taxes due for the year 1878.

7.  SAME—*sufficiency of clerk's certificate to precept.* A certificate of the county clerk to a precept, "that the foregoing record of lands and town lots delinquent for the taxes for the year 1878, and forfeited taxes for previous years, is a true and perfect copy of the judgment record on file in my office, and that the foregoing judgment and orders of court are true and perfect copies of the original orders and judgment of the county court of said Alexander county, as made and entered of record," etc., is sufficiently in compliance with the statute, without formally stating that the record made by the clerk is correct.

8.  SAME—*variance between judgment and precept.* A judgment against real estate for taxes appeared to be for the tax of 1878, and forfeited and back taxes for the year 1877 and previous years, but the precept was silent

as to the year or years for which the taxes were due, except the year 1878. There were no back taxes proper, but only the current year's taxes of 1878, and "forfeited taxes" of previous years, due on the lots of the party objecting to the sale: *Held*, there was no substantial variance, as the back forfeited taxes might be considered as embraced in the description of taxes of 1878.

9. ATTORNEY—*evidence of a retainer, to object to judgment for taxes.* Where a committee of an association, of which a lot owner is a member, employs counsel to defeat the collection of certain taxes claimed to be illegal, that being the object of such association, and such counsel appears before the county court, puts in objections for all persons of the association as to such tax, and such owner, in pursuance of his written obligation, pays the counsel a certain per cent on all taxes defeated, this is evidence sufficient to show that such counsel had authority to appear for him in the county court and resist the application for judgment against his lots.

APPEAL from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. GREEN & GILBERT, for the appellant:

Appellee having appeared and filed objections, the judgment of the county court is conclusive until reversed. *Graceland Cemetery Co.* v. *People*, 92 Ill. 620; *People* v. *Smith*, 94 id. 229; *Belleville Nail Co.* v. *People*, 98 id. 403; *Gage* v. *Bailey*, 102 id. 11; *Karnes* v. *People*, 73 id. 275; Blackwell on Tax Titles, 221; Freeman on Judgments, (2d ed.) sec. 135.

By failing, on his appearance, to object to a particular tax, he admits it is legal, and is estopped by the judgment from disputing such admission. *Howley* v. *Griswold*, 42 Barb. 18; *Bank* v. *Hazard*, 30 N. Y. 226; *Baker* v. *Pratt*, 15 Ill. 568; *Welland Canal Co.* v. *Hathaway*, 8 Wend. 483; *Degell* v. *Odell*, 3 Hill, 219; *Snodgrass* v. *Ricketts*, 13 Cal. 362; *Niven* v. *Belknap*, 2 Johns. 572; *Strong* v. *Ellsworth*, 26 Vt. 366; Hermann on Estoppels, secs. 328, 331.

Sections 129 and 229 of the Revenue law have sole reference to "forfeited taxes," and sections 226 and 227 alone relate to simple back taxes. The forfeited taxes are to be added to the current taxes, and are all due for that year, and may be treated as the current year's taxes due. The back

taxes, when no forfeiture has taken place, are required to be brought forward in separate columns designating the year or ·years.

Even if the advertisement, collector's report recorded in judgment, and precept, were not in the form prescribed by statute, they were sufficient as against appellee. *Karnes* v. *People,* 73 Ill. 279.

The objections now urged were all cured by section 191 of the Revenue act. *Chiniquy* v. *People,* 78 Ill. 577; *Beers* v. *People,* 83 id. 493; *Fisher* v. *People,* 84 id. 496; *Buck* v. *People,* 78 id. 566.

Even if the precept was irregular and imperfect, it was process under the seal of the court, and contained all the information necessary to its proper execution. It is like an execution. *Swiggart* v. *Harber,* 4 Scam. 371; *Durham* v. *Heaton,* 20 Ill. 264; *Newman* v. *Willitts,* 60 id. 519; *Morgan* v. *Evans,* 72 id. 580; *Chestnut* v. *Marsh,* 12 id. 173; *Hill* v. *Figley,* 25 id. 158.

No *placita* is necessary when it appears the judge was present, hearing objections, etc. *Dukes* v. *Rowley,* 24 Ill. 210.

The judgment and precept are each in substantial compliance with the statute. Revenue act, sec. 194.

Mr. JOHN M. LANSDEN, and Mr. ANGUS LEEK, for the appellee:

The judgment was void for want of a *placita* or convening order of the court. *Young* v. *Thompson,* 14 Ill. 380; *Lawrence* v. *Fort,* 20 id. 338; *Dukes* v. *Rowley,* 24 id. 210.

The tax judgment record did not show the year or years for which the taxes were due. Revenue act, secs. 182, 184, 188, 194, 216, 277; *Mann* v. *People,* 102 Ill. 346.

That a specification of the year or years for which the taxes are due, is necessary, see *Morgan* v. *Camp,* 16 Ill. 175; *Prickett* v. *Hartsock,* 15 id. 279; *Marsh* v. *Chestnut,* 14 id. 223.

The judgment embraced certain illegal taxes, which vitiated the whole tax, and the judgment itself. Cooley on Taxation,

295; Burroughs on Taxation, 301; Blackwell on Tax Titles, 192; *Treadwell* v. *Patterson,* 51 Cal. 637; *Bucknell* v. *Story,* 36 id. 67; *Gliddon* v. *Chase,* 35 Maine, 90; *Thayer* v. *Mayo,* 34 id. 139; *Grosvenor* v. *Cheney,* 48 id. 363; *Boyden* v. *Moore,* 5 Mass. 365; *Pickett* v. *Breckenridge,* 22 Pick. 297; *Cheney* v. *Stevens,* 97 Mass. 77; *McLaughlin* v. *Thompson,* 55 Ill. 249.

The alleged appearance of appellee in the county court could bind him only as to the particular tax to which objections were filed.

*Res judicata* and estoppel apply only to matters put in issue. 2 Bouvier's Dic. 465; 7 Rob. Prac. 159; Bigelow on Estoppel, 27; *Hanna* v. *Read,* 102 Ill. 596; *Miller* v. *McMannis,* 57 id. 158; *Eastman* v. *Cooper,* 15 Pick. 279; *Outram* v. *Morewood,* 3 East, 346; *Burlen* v. *Shannon,* 3 Gray, 392; *Arnold* v. *Arnold,* 17 Pick. 7; *Davis* v. *Spooner,* 7 id. 147; *Sawyer* v. *Woodbury,* 7 Gray, 502.

The precept was null and void. It did not show the year or years for which the taxes were due, nor was it properly certified, as required by section 194 of the Revenue law. There was a fatal variance between it and the judgment. Revenue act, sec. 194.

The precept can not be aided by the clerk's certificate. *Young* v. *Thompson,* 14 Ill. 380; *Merrill* v. *Swartz,* 39 id. 108; *Sidwell* v. *Schumacher,* 99 id. 426.

The precept was not certified as required by section 194. Again, there is a fatal variance between the judgment and precept. *Pitkin* v. *Yaw,* 13 Ill. 251; *Eppinger* v. *Kirby,* 23 id. 521.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment by Neff, against Smyth, for the recovery of lots 12 and 13, block 2, in Cairo, Illinois, where judgment was for the defendant, and the plaintiff appealed.

Plaintiff's claim of title was under a tax deed for the lots, dated June 18, 1881, founded upon a tax sale of them, made June 17, 1879, by virtue of a precept issued June 16, 1879, upon a tax judgment against the lots, rendered May 28, 1879, for taxes for the year 1878, and forfeited taxes of the year 1877 and prior years.

It appears that the lots were delinquent for the taxes of 1873, and judgment was given therefor at the May term, 1874. The lots were again delinquent for the taxes of 1874 and forfeited tax of 1873, and judgment was given therefor at the August term, 1875. The lots were again delinquent for the taxes of 1875, and forfeited taxes of 1874 and the previous year, and judgment was rendered therefor at the June term, 1876. The lots were again delinquent for the taxes of 1876, and forfeited taxes of 1875 and previous years. When application was made for judgment for such taxes at the June term, 1877, the record shows that the defendant appeared in court, by his attorneys, and filed objections, questioning the legality of a portion of the taxes for which judgment was asked, viz., the "County Railroad Interest Tax," and "City Railroad Interest Tax," of 1876, which objections were sustained by the court, and judgment only given for the residue of the taxes not objected to. The lots were again delinquent for the taxes of 1877, and forfeited taxes of 1876 and previous years. When application was made for judgment therefor, at the May term, 1878, the record shows that defendant again appeared in court, by his attorneys, and filed objections, questioning the legality of a portion of the taxes for which judgment was asked, viz., the county and city "Registered Railroad Bond Interest Taxes" of 1877, which objections were sustained by the court, and judgment only given for the remainder of the taxes not objected to. The lots were again delinquent for the taxes of 1878, and forfeited taxes of 1877 and previous years, and when application for judgment therefor was made at the May term, 1879, defendant

again appeared in court, by his attorneys, and filed objections, questioning the legality of a portion of the taxes for which judgment was asked, viz., the city and county "Bond Interest Taxes" of 1878, which objections were sustained by the court, and the said judgment of May 28, 1879, under which the lots were sold to plaintiff, only rendered for the rest of the taxes not objected to.

When the lots were offered for sale under the judgment of May 28, 1879, defendant, as well as plaintiff, were both personally present, and when plaintiff bid on the first lot offered, defendant promised to pay the taxes if plaintiff would withdraw his bid and the sheriff would adjourn the sale for half an hour, to enable the defendant to go and get the money and return, which proposition was assented to; but after waiting an hour, and defendant failing to return, the lots were struck off and sold to plaintiff for the accumulated taxes of six years, amounting to $2549.84.

It is objected to the tax judgment of May 28, 1879, that it was void because the tax judgment record does not contain a formal *placita* or convening order of the court, and *Young* v. *Thompson*, 14 Ill. 380, *Lawrence* v. *Fast*, 20 id. 338, and *Dukes* v. *Rowley*, 24 id. 210, are cited in support of the objection. In the case first named the defect was, that it did not appear, from the judgment record, "at what term, or in what year, the judgment was rendered." Nothing is there said about a convening order. In the second case a convening order is spoken of, the court saying: "This record does not show what is sometimes called the convening order of the court. It does not show by whom the court was held, nor even in what court the judgment was pronounced. It merely shows the entry of the judgment order. There it begins and there it stops." In *Dukes* v. *Rowley*, the question was as to the sufficiency of the convening order, it not stating that the clerk and sheriff were present, and the court said: "It shows that the judge was present holding the term, and we find that

the record does show that business was done by the court, and that a record of its proceedings was kept. This was sufficient," etc. We regard the latter case as going to sustain the present judgment in the particular in question. True, there does not appear in the tax judgment record book, here, any convening order, but such record book does show the county judge was present; that business of a judicial character was passed upon; that the court adjourned and reassembled, and that a record was kept of the proceedings of the court. If this so appeared, we think it enough, although it did not thus appear by any formal convening order. The tax judgment record book in evidence showed that the judgment in this case was rendered on May 28, 1879, in the county court of Alexander county, at the May term thereof, 1879, by Reuben S. Yocum, county judge, the judgment being thus signed by him. The judgment does not appear to have the defects which, in the cases cited, were pointed out as existing in the judgments there.

It may be remarked further, in favor of the present judgment, that the cases cited had reference to the circuit court, and that the requirements of the statute of 1845, under which they were decided, were different from the law in force in 1879. Under the latter law it is the county court which has jurisdiction of proceedings for the collection of taxes, and by sections 5 and 6, chapter 37, of the Revised Statutes of 1874, it is declared that such proceedings shall be considered as probate matters, and be cognizable at the probate term of the county court, and that such court, for the transaction of probate business, shall be always open.

Another objection to the judgment is, that the tax judgment record did not show the year or years for which the taxes were due. Appellee's counsel refer to the several sections, 182, 184, 188, 194, 216 and 277, of the Revenue law, which, in proceedings for the collection of taxes, require the "year or years" for which taxes are due, to be specified, and

claim that these sections make it clear that the designation in the judgment record of the year or years for which the taxes are claimed to be due, is necessary to the validity of the judgment, and of the tax title founded thereon. Appellant's counsel contend there is to be a distinction taken between "back taxes" and "forfeited taxes," and that the provisions requiring the year or years for which taxes are due, to be specified, relate only to the current year's tax and "back taxes," and not to "forfeited taxes." We incline to adopt this view. Sections 129 and 229 of the Revenue law appear to have sole reference to "forfeited taxes," and sections 276 and 277 to relate alone to simple back taxes, where there has been no forfeiture. As to "back taxes," merely, where no forfeiture has taken place, the lands are only liable for interest on the back tax itself, and are required to be brought forward "in separate columns designating the year or years," as provided in section 277. But with respect to "forfeited taxes" the statute does not so require, but directs that this tax, when ascertained in any given year, by adding together the back tax, interest, penalty and printer's fees, as provided in section 129, shall be added to the tax of the current year, and the aggregate amount so added together shall be collected in like manner as the tax on other real property for that year may be collected. Thus the forfeited tax of the preceding year, with a year's interest, penalty and printer's fees, is added to the tax of the current year, and is merged in it by a judgment, and there becomes a new forfeiture, if the property be forfeited to the State. There is no provision for keeping each forfeited tax alive, or each year's interest, penalty and printer's fees separate and distinct, in separate columns. This distinction between "back taxes" and "forfeited taxes" seems sustained by *Pike* v. *The People,* 80 Ill. 82, where we said: "The objection that the advertisement and delinquent lists as to the forfeited lands do not state the year for which the lands were forfeited, is answered by reference to the statute, which does not require

it." The collector's application for judgment, as recorded in the judgment record book, and forming part of the judgment, gave in separate columns each tax of the current year, then "forfeited tax," $1138.13, then costs, fifty-one cents, then total amount due, $1274.92, opposite each of said lots; and in the caption to the application the taxes are stated to be for "the year A. D. 1878, and forfeited back taxes for the year A. D. 1877 and previous years." In the respect of designation of the "year or years" for which the taxes were due, we hold the judgment sufficient.

A further objection taken to the tax judgment is, that it embraced certain illegal taxes, which vitiated the whole tax, and therefore the judgment itself. The alleged illegal tax is a county tax of about seventy-nine cents on the hundred dollars, levied for the year 1873, without any vote of the people, and for general county purposes, which was carried forward from year to year, and formed a part of the total tax for which judgment was rendered and for which the lots were sold, the legal limit of the county tax being seventy-five cents on the hundred dollars, without a vote of the people; and it is claimed that the clerk, in carrying forward the forfeited taxes for the successive years, wrongfully calculated interest on the back tax, interest, penalties and costs, instead of on the back tax alone. We consider that appellee is precluded from making this objection, because of his appearance in the county court and contesting on the merits the application for judgment.

It is denied that there was authority on the part of counsel to appear in behalf of appellee and make objections to the tax, as the record purports they did do. It is said there was an organization called a "Tax-Payers' Association;" that a committee of the association employed counsel to defeat the collection of the city and county bond interest taxes,—that being the object of the association,—and that such counsel put in as objectors the names of all persons who were delin-

quent as to this interest tax, without regard to having, or not, authority to do so; that it was in this way the objections came to be filed in this case without any personal employment by appellee, of counsel. It appears that appellee was a member of the association; knew the association had employed counsel to defeat the payment of this bond interest tax on behalf of all the members, and signed a written agreement obligating himself, individually, to pay the counsel ten per cent on the amount of the tax defeated; and when in each year, 1877, 1878 and 1879, the tax was defeated, upon presentation to him, by the counsel, of the county clerk's certificate that objections had been filed and sustained by the court, and the tax defeated, appellee paid such counsel for their services the ten per cent agreed on. This must be taken as evidence sufficient of the authority of counsel to appear and file objections.

It is then claimed, that as the objections filed in 1877, 1878 and 1879 were confined exclusively to the city and county bond interest tax, and none of the objections now urged by appellee were embraced within those objections, the appearance of appellee in the county court could bind him only as to that particular tax to which objections were filed, the contention being that appellee is not concluded by the judgment of the county court from urging as a defence to the present action any objection which was not specifically put in issue by him in the application for judgment against his lots for the taxes for which they were afterwards sold. The general doctrine surely is, that where there is jurisdiction of the person and subject matter, a judgment is binding upon all parties and privies to it until it is reversed in a regular proceeding for that purpose; that its validity can not be inquired into in any collateral proceeding; that all defences should be made before judgment, and if there should be the omission of any ground of defence, the defendant will be precluded from afterward taking advantage thereof. And

we have held that where there has been an appearance and defence on the merits in a tax sale proceeding, a tax judgment should have the same conclusive effect as any other judgment. (*Graceland Cemetery Co.* v. *The People,* 92 Ill. 619; *Gage* v. *Bailey,* 102 id. 11; *Karnes* v. *The People,* 73 id. 274.) In the application for judgment against these lots for unpaid taxes, appellee appeared, as we find, by his counsel, and filed objections alone to the city and county bond interest tax, which objections were sustained, and judgment rendered for the amount of the residue of the taxes claimed to be due. Any objections which there were to any of the other taxes should have been presented at that time—appellant should then have made his entire defence. Having omitted to do so, he is precluded from now questioning the amount of the taxes that was due. The judgment is conclusive of the amount due. The objection now made that some other portion of the taxes was also illegal, and for which there should not have been judgment, goes but to the amount of the judgment, and questions the judgment as being for a larger amount than it should have been.

The idea that appellee appeared and defended only as to the part of the taxes to which he filed objections, and that as to the rest of the taxes he is to be considered as not having made appearance and defence, and is at liberty now to question their being due, is not to be admitted. There is no legal principle for its support. (See Freeman on Judgments, secs. 249, 135.) Filing the objections which appellee did, was a tacit admission that there were no other objections. In *Karnes* v. *The People, supra,* speaking upon this subject, it was said : "When objections are made, the trial is only upon the points thus raised, the presumption being that all else is admitted to be correct, and free from objection. * * * It would be a perversion of justice to permit a party to raise specific objections and contest the rendition of judgment, tacitly admitting the taxes were due, by not denying the fact,

and then to raise that question for the first time in this court." If that might be said on appeal, as there, it may with the greater force be said in this collateral proceeding.

Objection is taken to the precept as being null and void, in that it did not show the year or years for which the taxes were due; that it was not properly certified, as required by section 194 of the Revenue law; and that there was a fatal variance between it and the judgment. The provision upon this subject in section 194 is: "The county clerk shall, before the day of sale, make a record of the lands and lots against which judgment is rendered, which shall set forth the name of the owner, (if known,) the description of the property, the total amount of judgment on each tract or lot, and the year or years for which the same is due, in the same descriptive order as said property may be set forth in the judgment book, and shall attach thereto a copy of the order of the court, and his certificate that said record is correct;"— and this is made the process on which to sell. Looking at the record or precept, we see that the book (such it is denominated in section 200) was made with a column in which to specify the year or years for which the taxes were due, but it is wholly blank, and throughout the whole record or precept there is no reference to any year or years, except the year 1878, in the head or commencement, in these words: "Tax sale and redemption record, Alexander county, Illinois— Sale of taxes, 1878," and then proceeding: "Record of lands and lots against which judgment was rendered at the May term, 1879, of the county court of Alexander county," etc. We think this is to be read as a record of lands against which judgment was rendered at the May term, 1879, for the taxes of 1878. If we may look at the clerk's certificate to the precept, that expressly states such record to be one "of lands and town lots delinquent for the taxes for the year 1878, and forfeited taxes of previous years," etc.

But it is said the certificate is no part of the precept. However that may be, it reasonably appears, aside from the certificate, as above stated, that the judgment was for the taxes of 1878, and we are disposed to regard that as a substantial compliance with the statute as to the statement of the "year or years" for which the tax is due. There were the taxes for the year 1878 due, and under provisions of the statute before referred to, "the forfeited taxes" were required to be added to the tax of the current year, and the aggregate amount so added together was to be placed on the tax books, and collected in like manner as the tax on other real property, thus making, we think, this aggregate amount of the taxes of the year 1878 and of the forfeited taxes of previous years,— all, practically, taxes of 1878, within the purview of the requirement we are considering. The certificate. is, "that the foregoing record of lands and town lots delinquent for the taxes for the year 1878, and forfeited taxes of previous years, is a true and perfect copy of the judgment record on file in my office, and that the foregoing judgment and orders of court are true and perfect copies of the original orders and judgment of the county court of said Alexander county, as made and entered of record," etc. Although the certificate does not, in words, say that the record made by the clerk is correct, the facts stated show it to be correct; and if, as the clerk certifies, "the foregoing judgment and orders of court are true and perfect copies of the original orders and judgment," then he has attached a copy of the order of the court, thus making the certificate sufficiently in compliance with the statute.

It is further objected that there was a fatal variance between the judgment and precept, in the respect that the judgment appeared to be for the tax of 1878, and forfeited and back taxes for the year A. D. 1877 and previous years, but that the precept is silent as to the year or years for which the taxes were due, except as has been before named. In

respect of appellee's lots there were no "back taxes" proper, but only the current year's taxes of 1878, and "forfeited taxes" of previous years. According to what has been said, there would not appear to be any substantial variance in respect of the statement of the years for which forfeited taxes were due, as they might be considered as embraced within the description of taxes of 1878.

We are of opinion that the objections made against the tax deed were not sufficient to invalidate it, and that it should have been held good.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*

Scholfield, Ch. J.: I do not concur in this opinion.

Dickey and Mulkey, JJ., also dissent.