## THE MINISTER OF INTERIOR vs. W. C. PARKE, ADMINISTRATOR OF CHARLES KANAINA, DECEASED.

ON EXCEPTIONS TO RULING OF CHIEF JUSTICE HARRIS ON THE DEFENDANT'S PLEA.

THE MINISTER OF INTERIOR brought an action to recover rents collected by defendant's intestate from Government lands. The claim was not presented to the administrator within six months of the publication of the notice to creditors.

The statute limiting the time within which claims may be presented against estates of deceased persons was pleaded ;

HELD, that the statute is no bar to a claim by the Government.

Opinion of the Court by HARRIS, C. J.

The plaintiff claims in this action from the defendant, as administrator of Charles Kanaina, eight hundred dollars for so much money had and received by the said Kanaina in his life time for rents of certain property in Honolulu alleged to be the property of the Hawaiian Government. This complaint was filed January 13, 1881, during the progress of the last term and it sets forth that the defendant was appointed administrator of the estate of Charles Kanaina, on the 5th day of April, 1877.

The defendant answers that, immediately on his appointment, he caused the advertisement to be made, in accordance with the statute, calling upon all creditors of the deceased to present their claims within six months from the date of the publication of that notice, or the same would be forever

barred, and that the plaintiff presented no claim within such six months; and, therefore, the defendant submits that the plaintiff's claim is barred. To which the plaintiff replied that no Statute of Limitations would have effect against the Government.

The Chief Justice who held the term, said that, for the time being, he should hold that the Government was barred by the statute in question in like manner as all other creditors, and, therefore, the plaintiff alleged exceptions and they have been certified to this Court.

Section 1 of an Act to limit the time within which the claims of creditors on the estate of deceased persons shall be presented, page 51 Session Laws of 1868, enacts that: "If such claims be not presented within six months from the first publication of the notice, or within six months from the day they fall due, they shall be forever barred and the executor or administrator shall not be authorized to pay them."

The case of the United States vs. Samuel Hoare, administrator of the estate of Colonel Tuttle, 2 Mason, 312, is quite parallel to this case. The Statutes of Massachusetts, at that time limited suits against executors and administrators to four years after the acceptance of the trust, where our statute limits it to six months after the notice. The action was brought after the expiration of the four years as this is brought after the expiration of the six months. The Massachusetts action was for money had and received, as is this.

Judge Story, in announcing the opinion of the Court, says: "Now, I think it may be laid down as a safe proposition, that no Statute of Limitations has been held to apply to actions brought by the Crown, unless there has been an express provision including it. For it is said that where a statute is general, and thereby any prerogative, right, title, or interest is divested or taken from the King, in such case the King shall not be bound, unless the statute is made by express words to extend to him." And again, "It is clear from the authorities,

that the rule, excepting the Crown from the operation of the Statutes of Limitation, has for several centuries universally prevailed—and the true reason is to be found in the great public policy of preserving the public rights, revenues and property from injury and loss by the negligence of public officers."

And again, "We find accordingly in our own State (Massachusetts) the doctrine is well settled, that no laches can be imputed to the Government, and against it no time runs so as to bar its rights. So that it is clear that the Statutes of Limitations pleaded in this case would be no bar to a suit brought to enforce any right of the State in its own courts." That learned Judge continues: " Where the Government is not expressly, or by necessary implication included, it ought to be clear from the nature of the mischiefs to be redressed, or the language used, that the Government itself was in the contemplation of the Legislature before a court of law would be authorized to put such an interpretation upon any statute. In general, acts of the Legislature are meant to regulate and direct the acts and rights of citizens; and in most cases the reasoning applicable to them, applies with very different and often contrary force to the Government itself. It appears to me, therefore, to be a safe rule founded in the principles of the common law, that the general words of a statute ought not to include the Government, or affect its rights, unless that construction be clear and indisputable upon the text of the Act."

In the case of the United States *vs.* Thompson, 98 United States, 498, (October, 1878), the Court remarked: "The rule of *nullum tempus occurrit regi* has existed as an element of the English law from a very early period. It is discussed in Bracton and has come down to the present time. Limitations derive their authority from Statutes. The King was held never to be included unless expressly named. No laches was imputable to him; these exemptions were founded upon considerations of public policy."

Minister of Interior v. W. C. Parke, Administrator Estate C. Kanaina.

This action was for money belonging to the United States alleged to have been received by the defendant prior to March 30, 1865, which, it was alleged, he had converted to his own use. The case of People vs. Gilbert, 18 Johnson, 227, is much in point.

This is the first action which has been brought by the Government of this country for the recovery of personal property in which there has been occasion to plead a Statute of Limitations as a bar, though in the case of A. Kahoomana vs. the Minister of the Interior (3d Haw. Rep., 635), it was held that the Statute of Limitations of real actions does not run against the Government. Some excellent reasons have been adduced before us why we should adopt the rule that the statute in question shall be of universal application against the Government as against every one else. These reasons have had the greatest consideration by us, and we may say have had great weight in our minds. But we think that more injury will be done by setting up the new rule than by adhering to that which has prevailed for centuries in the countries from which for the most part we derive our jurisprudence. If the Legislature shall be of the opinion that these statutes ought to apply with equal force to the Government as to citizens, they can easily modify the statutes so as to make the point indisputable.

We, therefore, adjudge that the Statute of Limitations cited by the defendant is *no bar* to this action, and the case will be placed on the calendar of the next term.

W. O. Smith, Deputy Attorney General for plaintiff.

A. S. Hartwell for defendant.

Honolulu, March 3, 1881.