LYMAN SANDERSON

*v.*

THE TOWN OF LA SALLE.

*Filed at Ottawa May 15, 1886.*

1. ATTORNEY AT LAW—*authority to bring suit in the name of a town— how to be shown.* The mere absence from the record, in an action by a town, under section 230 of the Revenue act, to recover taxes owing it by the defendant, of proof that counsel for the plaintiff were employed by a vote of the town to bring the suit, affords no ground for the reversal of the judgment.

2. PRACTICE—*time to object—as to authority of attorney to sue in the name of a town.* The question of an attorney's authority to institute an action in the name of a town, against an individual, can not be raised for the first time in an appellate court.

3. PERSONAL ACTION FOR TAXES—*when it will lie.* In all cases where there has been a forfeiture of land for the taxes due thereon, an action of debt lies against the owner, under the statute, notwithstanding omissions or irregularities have occurred in the tax proceedings which would be fatal to a tax title founded thereon.

4. A forfeiture, in fact, of delinquent land at a regular tax sale, for the taxes legally due thereon, is sufficient to charge the owner personally, in an action against him for such taxes. In such action, irregularities in the prior proceedings to collect the taxes will not be inquired into.

APPEAL from the County Court of La Salle county; the Hon. C. B. GARNSEY, Judge, presiding.

Mr. R. D. McDONALD, for the appellant:

The record nowhere shows that the attorneys who repre-
sent appellee were authorized by the town to bring the suit.
Such authority was necessary before bringing suit.  *Town of
Kankakee* v. *Railroad Co.* 16 Bradw. 542; 115 Ill. 88; *Wil-
liams* v. *Town of Roberts*, 88 id. 11.

The notice required by the 182d section of the Revenue
act is jurisdictional, and before a recovery can be had in an
action of this kind the plaintiff must show that such notice
was published the required length of time.  The notice takes
the place of process.  *Mix* v. *The People ex rel.* 106 Ill. 425;
*Fortman* v. *Ruggles*, 58 id. 207; *McKee* v. *Champaign County*,
53 id. 477; *Smith* v. *The People*, 3 Bradw. 380; *Vetter* v. *The
People*, id. 385; *Brown* v. *Hogle*, 30 Ill. 137.

This notice, like other process, confers jurisdiction, and is
the foundation of the judgment.  *Charles* v. *Waugh*, 35 Ill.
315; *Spellman* v. *Cortenius*, 12 id. 409.

The newspaper containing this notice to delinquent tax-
payers, as required by section 186 of the Revenue act, should
be filed in the clerk's office as part of the records of the court,
and is an "essential part of the necessary foundation for the
judgment sought."  This alone is fatal to this judgment.
*Thompson* v. *McLaughlin*, 66 Ill. 407; *The People ex rel.* v.
*Lands*, etc. 82 id. 408.

Proceedings to obtain judgment against lands for delinquent
taxes are *in rem*, and the record should recite everything that
pertains to the jurisdiction of the court over the subject
matter to be reached by the judgment.  This is elementary,
and it would seem no authorities need be cited in support of
it.  We cite, however, the following: *Pigeon* v. *The People*,
36 Ill. 249; *The People* v. *Dragstran*, 100 id. 286.

The record should recite the fact that sections 196 and 201
were followed by the collector and clerk, before a forfeiture
can legally be declared against this property.  *Scott* v. *The*

*People,* 2 Bradw. 642; *Vetter* v. *The People,* 3 id. 385; Black-well on Tax Titles, 460.

Mr. S. P. HALL, and Messrs. BULL, STRAWN & RUGER, for the appellee:

The supervisor of the town was authorized by law to prosecute suit for the recovery of the taxes, and to employ counsel. (Rev. Stat. chap. 139, sec. 103.) But if he were not, the authority was not questioned in the court below, and it comes now too late. *Breckinridge* v. *Ostrom,* 79 Ill. 71; *Miller* v. *Metzger,* 16 id. 390; *Fry* v. *Calhoun County,* 14 id. 132; *Reed* v. *Curry,* 35 id. 536.

The question as to the attorney's authority should have been raised in the court below, by motion, supported by affidavit. *Williams* v. *Butler,* 35 Ill. 544; *The People* v. *Supervisor,* 100 id. 332; *Rawson* v. *Jones,* 1 Scam. 291.

This is not an action to take from Sanderson a valuable piece of land by forfeiture, because he has not paid his town taxes on it, which is looked on with disfavor, and in which strict proof is required. Since 1873, errors and informalities in the proceedings, not affecting the substantial justice of the tax, are not allowed to vitiate the proceeding. *Thatcher* v. *The People,* 79 Ill. 597; *Fischer* v. *The People,* 84 id. 491; *Beers* v. *The People,* 83 id. 493.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

The town of La Salle recovered a personal judgment, in the county court of La Salle county, against Lyman Sanderson, the appellant, for $95.96, on account of taxes alleged to be due the town on a certain lot assessed in his name, and which appears on the tax books to have been forfeited to the State for the non-payment of said taxes. The present appeal is from that judgment.

The recovery was had in an action of debt, founded upon the 230th section of the Revenue act, which is as follows: "The county board may, at any time, institute suit in an action of debt, in the name of the People of the State of Illinois, in any court of competent jurisdiction, for the whole amount due on forfeited property; or any town, county, city, school district, or other municipal corporation to which any such tax may be due, may, at any time, institute suit in an action of debt, in its own name, before any court of competent jurisdiction, for the amount of such tax due any such corporation on forfeited property, and prosecute the same to final judgment."

A reversal is asked, first, because the record does not affirmatively show that the attorneys conducting the suit for the town were authorized by a vote of the town to do so. Without stopping to inquire whether a formal vote of the town is necessary to employ counsel in a case like this, (about which we express no opinion,) it is very clear that mere absence of proof that counsel for plaintiff were thus employed, affords no ground for a reversal of the judgment. A question of this kind can not be successfully raised for the first time in an appellate tribunal, as is now sought to be done.

It is next objected that the record of the proceedings in the county court fails to show that the collector published a list of the delinquent lands and lots, and gave notice of his intended application for judgment against the lot in question, as required by the 182d section of the Revenue act. We do not regard it important to inquire whether this claim is well founded or not. It must be borne in mind the present suit was not instituted for the purpose of ascertaining whether the proceedings in the county court, culminating in the judgment against the lot charged with the taxes now sought to be recovered, strictly conforms to all the requirements of the statute, as in a case where the validity of a tax title is in-

volved. On the contrary, this is simply a common law action of debt, to recover the town taxes due on the lot in question, for the years 1875, 1877, 1878 and 1879. In all cases where there has been a forfeiture of land for the taxes justly due upon it, this action will lie against the owner, notwithstanding omissions or irregularities have occurred in the tax proceeding which would be fatal to a tax title founded thereon. We have no doubt that one of the chief objects the legislature had in view in adopting this act, was to afford a safe and simple remedy for the collection of taxes, where, by reason of defects in the proceedings against the land itself, purchasers. would be deterred from buying at tax sales. We hold, therefore, that it is sufficient to charge the owner, in any case of this character, where there has been a forfeiture, in fact, of delinquent land at a regular tax sale for the taxes legally due thereon.

All the evidence considered, we think this case is clearly brought within the rule here laid down, and are also of opinion that none of the objections urged as a ground of reversal are well founded.

It is not deemed necessary, nor, indeed, proper, to enter into a discussion of the details of the evidence for the purpose of demonstrating the correctness of the conclusion reached. Ordinarily such discussions are of but little interest or utility to those who have occasion to consult our Reports; hence, as a general rule, they should be avoided. We perceive nothing in this case to require a departure from the rule suggested. It is the facts as found, and the conclusions of law arising thereon, that the profession are interested in.

The conclusion reached in this case is supported with more or less directness in the following cases: *Biggins* v. *People*, 106 Ill. 270; *Douthett* v. *Kettle*, 104 id. 356.

The judgment will be affirmed.

*Judgment affirmed.*