Syllabus.

## ALFRED R. GREENWOOD, Admr.

*v.*

## TOWN OF LASALLE.

*Filed at Ottawa March 30, 1891.*

137  225
152  158
137  225
53a  249
58a  108
137  225
167   43
137  225
179  101
137    225
195   7312
195   2487
d195  6489
e196  2359
137    225
202   7 53

1. TAXATION—*towns—limitation of power.* A town, under our town-ship organization system, is but a civil division of a county, and exists as a municipal corporation merely for the purposes of carrying on the State government, and it can only levy and collect taxes for the purpose of carrying on business in which the public have an interest.

2. SAME—*description of land—for purposes of taxation.* In an action to recover a tax on forfeited property, which was a part of block 8, the records in evidence showed that "95 ft. N. and S. by 150 ft. E and W., S. E. corner S. ½, Block 8," was assessed to one L. Immediately following was, "Balance of S. ½, Block 8," assessed to defendant's intestate: *Held,* the latter description, when taken with the preceding one, was sufficiently certain, and that less strictness in description is required in proceedings to levy and collect taxes than in grants or conveyances.

3. SAME—*personal action for taxes—basis of the action.* A personal action to recover a tax due on forfeited land is not brought on the judgment of the county court for the taxes, and the plaintiff is only required to show a forfeiture, in fact, of delinquent land at a regular tax sale for taxes legally due.

4. Section 230 of the Revenue law gives a remedy for the collection of taxes on forfeited property, which is purely personal, and enforcible against the person owning the property on the first day of May, for the year for which the tax was levied. The judgment, when obtained, is purely personal, and an execution issued thereon may be levied on any property of the defendant liable to execution.

5. This personal liability may be enforced though irregularities have intervened in the proceeding which would be fatal to a tax sale.

6. SAME—*interest on delinquent taxes.* In a proceeding *in personam* to collect taxes due on forfeited land, it is error to allow interest on the tax at a greater rate than six per cent per annum. Interest is only recoverable when authorized by statute or the agreement of the parties.

7. LIMITATIONS—*in action by a town—public and private rights.* The Statute of Limitations may be interposed in all actions by a town or other *quasi* municipal corporation, to enforce mere private rights, but it is no defense to an action involving public rights.

8. SAME—*in personal action for taxes.* An action by a town against a party to recover taxes due it on forfeited property, being to enforce a public right, is not barred by any statute of limitations.

APPEAL from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

This suit was begun in the circuit court of LaSalle county on October 1, 1885, against Thomas Ward. March 1, 1888, Daphne A. Ward was made a party defendant. January 13, 1890, her death was suggested, and appellant, her adminis-trator, made a party. At the same time the suit was dis-missed by plaintiff as to Thomas Ward, and an amended declaration filed. The action is in debt, brought under section 230 of the Revenue act, to recover the sum of $42.76, as the town tax due appellee for the year 1875, on real estate owned by Daphne A. Ward on the first day of May of that year, which, it is alleged, was duly forfeited to the State for the non-payment of said tax, together with interest and costs. A like claim was set up in the declaration for the taxes of 1882, but was disallowed by the circuit court, and is not involved in this appeal. The defendant pleaded *nil debet* and the five years'' statute of limitations. To the latter a demurrer was sustained, and defendant stood by the plea. A jury was waived and the case tried by the court, resulting in a judgment for plaintiff for $42.76 debt, and $59.86 damages and costs of suit.

Mr. R. D. McDONALD, and Mr. A. R. GREENWOOD, for the appellant:

When the subject matter of the suit involves a private right as distinguished from a public one, the Statute of Limitations may be successfully pleaded against a town, the same as against an individual. *Ramsay* v. *County of Clinton,* 92 Ill. 225; *Piatt County* v. *Goodell,* 97 id. 84; *School Directors* v. *School Directors,* 105 id. 653; *People* v. *Town of Oran,* 121 id. 650.

The description of the property taxed, standing alone, is void for uncertainty. *Sanford* v. *People,* 102 Ill. 374; *People* v. *Dragstran,* 100 id. 286; *People* v. *Railroad Co.* 96 id. 369; *Pickering* v. *Lomax,* 120 id. 297.

Property is to be assessed separately, so that each owner may protect his property. Cooley on Taxation, 279; *Roby* v. *Chicago,* 48 Ill. 130.

Where the statute is silent, six per cent is all the interest that can be charged, except by contract. *Swinney* v. *Beard,* 71 Ill. 27; *Sanderson* v. *LaSalle,* 117 id. 171.

Messrs. HALL & HASKINS, and Messrs. BREWER & STRAWN, for the appellee:

The Statute of Limitations does not bar the public or a town from suing to enforce a public right. *Galbraith* v. *Littiech,* 73 Ill. 209; *Ramsay* v. *Clinton,* 92 id. 225; *Piatt County* v. *Goodell,* 97 id. 84.

The revenue collected by towns, etc., belongs to the public. *People* v. *Power,* 25 Ill. 187.

In an action on tort or on a contract, the Statute of Limitations applies. 2 Dillon on Mun. Corp. sec. 675.; *Logan County* v. *Lincoln,* 81 Ill. 156; *Piatt County* v. *Goodell,* 97 id. 84; *School Directors* v. *School Directors,* 105 id. 653.

The law is well settled that any description of land in a deed of conveyance by which the identity of the premises intended to be conveyed can be established, is sufficient. *Colcord* v. *Alexander,* 67 Ill. 581; *Stevens* v. *Wait,* 112 id. 544.

The same rule is applied to the description of land for the purposes of taxation. For the purposes of taxation any description of land by which the property may be identified by a competent surveyor with reasonable certainty, either with or without the aid of intrinsic evidence, will be sufficient. Less strictness will be required than in a grant or conveyance. *Fowler* v. *People,* 93 Ill. 116; *Law* v. *People,* 80 id. 268.

In the case last cited the land was assessed as "S. $\frac{1}{2}$, ex. W. 12 rods of E. 40 rods of N. $\frac{1}{2}$ of N. $\frac{1}{2}$, and N. 10 rods S. 13 rods of E. 28 rods of N. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ of Sec. 23," etc., and it was held a sufficient description.

There was no error in allowing ten per cent interest on the tax. *Jack* v. *Weiennett*, 115 Ill. 105 ; Cooley on Taxation, 13 ;. Revenue act, secs. 129, 227, 230.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

It is first contended by counsel for defendant, that the court below erred in holding the plea of the Statute of Limitations bad. An attempt is made by opposing counsel to sustain that ruling, on the ground that this is an action on a judgment, and therefore, if the statute could be pleaded at all, the limitation would be twenty years, instead of five. This position is not tenable. No judgment is declared on. The suit is for taxes due on forfeited property. Plaintiff below was only required to show a forfeiture in fact of delinquent land, at a regular tax sale, for taxes legally due. *Saunderson* v. *Town of LaSalle*, 117 Ill. 171 ; *Biggins* v. *The People*, 106 id. 270.

The substantial, and, we think, valid, objection to the plea is, that in this action no statute of limitations could run against appellee, it being a *quasi* municipal corporation. While the rule in this State is, that the statute may be interposed to all actions by such corporations to enforce mere private rights, it is equally well settled that it is no defense to those involving public rights. *Board of Supervisors of Logan County* v. *City of Lincoln*, 81 Ill. 156 ; *Ramsey* v. *County of Clinton*, 92 id. 225 ; *County of Piatt* v. *Goodell*, 97 id. 84 ; *School Directors* v. *School Directors*, 105 id. 653 ; *The People ex rel.* v. *Town of Oran et al.* 121 id. 650.

The question to be determined in this case is, therefore, does appellee here seek to enforce a private right. This question, we think, must be decided in the negative. A town, under our township organization system, is but a civil division of a county, and exists as a municipal corporation merely for the purposes of carrying on the State government. It can only levy and collect taxes for the purpose of carrying on that sub-

division of such government. It must be admitted that town taxes may be levied for purposes in which the public, generally, are directly interested, such as "constructing or repairing roads, bridges or causeways" within the town. (Rev. Stat. chap. 139, art. 4, sec. 40; *City of Alton* v. *Illinois Transportation Co.* 12 Ill. 38.) Other improvements may also be lawfully paid for out of a town tax, in which the public at large have as much interest as those residing within the boundaries of the township. We entertain no doubt that the right here sought to be enforced is of such a public nature that no statute of limitations could be interposed against it.

The delinquent list produced in evidence, on which the judgment was rendered for the tax in question, showed that "95 ft. N. and S. by 150 ft. E. and W., S. E. corner S. $\frac{1}{2}$, Block 8," was assessed to one Lanning. Immediately following is, "Balance of S. $\frac{1}{2}$, Block 8," assessed to Thos. Ward. It is insisted that this assessment against Ward is void for uncertainty. It is said, "standing alone" it is uncertain. But it does not stand alone, and, taken in connection with that which precedes it, is perfectly intelligible. A competent surveyor would have no difficulty in identifying the land assessed to Ward, and for the purposes of taxation even that degree of certainty is not always required, less strictness being required than in a grant or conveyance. *Law* v. *The People ex rel.* 80 Ill. 268; *Fowler* v. *The People ex rel.* 93 id. 116.

The contention that a part of the south half of said block was at the time of this assessment owned by one Hyman is not supported by the evidence. There is testimony to the effect that, at the time of the trial, he owned and occupied a *house* in the south-west corner of the block, but there is no proof whatever that he owned even the house on the first day of May, 1875.

We are of the opinion that the action of the circuit court in rendering judgment for plaintiff below for $42.76 debt was

right, but are unable to find any authority of law for allowing ten per cent per annum interest on that amount as damages. That rate of interest was allowed from the date of the forfeiture in 1876 to the date of the trial,—a period of fourteen years. This we think was error. The amount due the town at the time the property was forfeited was $42.76. The fact that this amount might have been carried forward, with ten per cent annual interest, and added to the next assessment, and so on annually until collected by that means, gives no authority for the recovery of the same rate of interest in a personal action. Neither can it be said, because a redemption can only be made from a forfeiture by paying ten per cent interest, therefore that rate is recoverable in an action of debt. Section 230 has provided an additional remedy for the collection of taxes on forfeited property. It is purely a personal remedy, enforcible against the person owning the property on the first day of May of the year for which the tax was levied, and against no one else. (*Biggins* v. *The People,* 96 Ill. 381.) The judgment when obtained is purely personal, and may be levied on any property of the defendant liable to execution. (*Douthett* v. *Kettle,* 104 Ill. 356.) This personal liability may be enforced though irregularities have intervened in the proceeding which would be fatal to a tax sale. *Saunderson* v. *Town of LaSalle, supra.*

The most that can be said in this case is, that when this suit was brought the $42.76 was a personal debt against appellant's intestate, in favor of appellee, which was past due. It is a familiar rule of law that interest can only be recovered when authorized by statute. It was collectible at common law only on an express contract providing therefor. No statute of this State authorizes the recovery of more than six per cent interest on debts past due, and therefore the damages in this case should have been computed at that rate.

Appellant's motion to dismiss the suit was properly overruled. Besides, the assignment of errors on this record is not

sufficient to bring before this court for review the decision of the circuit court on that motion.

The judgment of the circuit court will be reversed, and the cause will be remanded, with directions to proceed in conformity with the views here expressed.

*Judgment reversed.*