WILLIAM T. CARRINGTON *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed February 21, 1902—Rehearing denied April 4, 1902.*

1. TAXES—*leasehold interests in State lands may be taxed.* Leasehold interests in lands of the State may be taxed, and the lessee of canal lands in possession of the leasehold premises at the date of the last forfeiture thereof for taxes will be presumed to have been in possession under the lease, and is estopped, in an action of debt for forfeited taxes, to deny title of the State to lands.

2. SAME—*reasonable degree of certainty in describing land is all that is necessary for taxation.* A reasonable degree of certainty in the description of real estate is sufficient for purposes of taxation, less strictness being required than in a grant or conveyance.

3. SAME—*what makes a prima facie case in action of debt for taxes on forfeited property.* In an action of debt to recover taxes, costs and penalties due on property which has been forfeited to the State for want of bidders at the tax sale, a *prima facie* case is made by introducing in evidence a certified copy of the tax judgment, sale, redemption and forfeiture record, together with proof that the defendants were the owners of the property in the years for which the unpaid taxes were levied.

4. SAME—*judgment for amount due on forfeited property may include penalties, costs and interest.* Under section 129 of the Revenue act the forfeiture of property to the State for any one year is a single item, including current and back taxes, together with previous forfeitures, costs, etc., all of which items are merged into one by the judgment of the county court and constitute a new forfeiture, and hence the right of the People to recover the whole amount due on forfeited property necessarily includes penalties, interest and costs embraced in the last forfeiture. (*Greenwood* v. *Town of LaSalle,* 137 Ill. 225, distinguished.)

5. SAME—*regularity of prior proceedings not inquired into in action for taxes due on forfeited property.* If there has been a forfeiture of lands for taxes due thereon, an action of debt, under the statute, lies against the owner of the land to recover such taxes, and a recovery may be had notwithstanding irregularities have occurred in the tax proceedings which would have been fatal to a tax title based thereon.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

CUSTER, GODDARD & GRIFFIN, and JOHN M. CAMERON, for appellants.

ROBERT S. ILES, ROBERT D. MARTIN, and STILLMAN B. JAMIESON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action of debt brought by the county board of Cook county in the name of the People of the State of Illinois, against John S. Hannah, George S. Reynolds and William T. Carrington, co-partners, as Carrington, Hannah & Co., to recover the whole amount of certain taxes, penalties, interest, costs, etc., claimed to be due and unpaid for the years 1895, 1896, 1897, 1898 and 1899 upon certain forfeited real estate owned and possessed by said firm, and described as "a certain leasehold estate and the improvements thereon on lot 1, in block 12½, of canal commissioners' subdivision," etc., situated in the town of South Chicago, in Cook county, Illinois, the fee of which is in the State of Illinois, which leasehold estate was created and granted by the canal commissioners of Illinois. The plea of *nil debet* was filed and the cause was tried before the court and a jury, and resulted in a verdict and judgment in favor of the plaintiff. All the defendants prayed and perfected an appeal to this court, since which time one of the appellants, John S. Hannah, has departed this life.

The authority to bring this suit is found in section 230 of the Revenue law, (Hurd's Stat. 1899, chap. 120, p. 1433,) which is in part as follows: "The county board may, at any time, institute suit in an action of debt in the name of the People of the State of Illinois in any court of competent jurisdiction for the whole amount due on forfeited property; or any county, city, town, school district or other municipal corporation, to which any such tax may be due, may, at any time, institute suit in an action of debt in its own name, before any court of competent jurisdiction, for the amount of such tax due any such cor-

poration on forfeited property, * * * and in any such suit or trial for forfeited taxes, the fact that real estate or personal property is assessed to a person, firm or corporation, shall be *prima facie* evidence that such person, firm or corporation was the owner thereof, and liable for the taxes for the year or years for which the assessment was made, and such fact may be proved by the introduction in evidence of the proper assessment book or roll, or other competent proof."

It is first contended that the declaration is not sufficient, as, it is said, it is not alleged therein that at the time of the creation of the leasehold estate the fee was in the State, nor is it alleged that the fee was in the State at the date of the levy of the various taxes, or any of them, or that the leasehold estate was in existence during the years 1895, 1896, 1897, 1898, 1899, or any of them. We have examined this declaration and are of the opinion that it is substantially good, especially after verdict. The evidence shows a lease from the canal commissioners of the State of Illinois to William P. Harvey & Co., bearing date December 8, 1888, expiring December 6, 1898; that the same was assigned by William P. Harvey & Co. to Carrington, Hannah & Co. on February 9, 1894, with the consent of the canal commissioners, and that a new lease was made by the canal commissioners to Carrington, Hannah & Co., bearing date December 8, 1898, and expiring December 6, 1900, which covers the entire time for which the defendants are sought to be held for the taxes on said leasehold interest, and that they were in possession of the leasehold premises at the date of the last forfeiture. The presumption is that they were in possession under said lease, and they are estopped to deny the title of the lessor. Leasehold interests in the lands of the State may be taxed. *LaSalle County Manf. Co.* v. *City of Ottawa,* 16 Ill. 418.

We think the leasehold interest sought to be taxed was sufficiently described. A reasonable degree of cer-

tainty in the description of real estate for the purposes of taxation is sufficient, "less strictness being required than in a grant or conveyance." (*Greenwood* v. *Town of LaSalle*, 137 Ill. 225.) "For the purpose of taxation any description of land by which the property may be identified by a competent surveyor with reasonable certainty, either with or without aid of extrinsic evidence, will be sufficient." *Cairo, Vincennes and Chicago Railway Co.* v. *Mathews*, 152 Ill. 153.

It is further contended that the evidence does not support the verdict, and that the court should have directed the jury to find for the defendants. Appellee introduced in evidence a certified copy of the tax judgment, sale, redemption and forfeiture record, which, with proof that the defendants were the owners of said leasehold interest on the first day of May in the years 1894, 1895, 1896, 1897 and 1898, and on the first day of April, 1899, made a *prima facie* case against the defendants. By section 59 of the Revenue law of 1872 and by section 8 of the act of 1898, (Laws of 1898, p. 40,) the owner of property on the first day of May or April, respectively, is liable for the taxes of that year. Section 203 of the Revenue law provides that whenever a tract of land is offered at public sale for the non-payment of taxes and not sold for want of bidders, the same shall be forfeited to the State of Illinois. We have repeatedly held, on an application for judgment against lands for delinquent taxes the collector is not bound to prove that the land was regularly assessed, as it will be presumed the assessor and all other officers did their duty, and if any reason exists why judgment should not be rendered against the land it is for the land owner to show it; (*Durham* v. *People*, 67 Ill. 414; *Chiniquy* v. *People*, 78 id. 570; *Mix* v. *People*, 86 id. 312; *Gage* v. *Parker*, 103 id. 528;) and the amendment adopted in 1879 to section 224 of the Revenue law (Laws of 1879, p. 253,) provides that "any judgment for the sale of real estate for delinquent taxes rendered after the passage of this

act, * * * shall estop all parties from raising any objections thereto or to a tax title based thereon, which existed at or before the rendition of such judgment, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and as to all such questions the judgment itself shall be conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or special assessments have been paid or the real estate was not liable to the tax or assessment." In the case of *Ohio and Mississippi Railway Co.* v. *Comrs. of Highways*, 117 Ill. 279, it appeared from a stipulation made on the trial that the tax sought to be collected was invalid. The *prima facie* case made by the tax judgment was therefore overcome.

It is further urged that the judgment is excessive, as it includes penalties, interest, costs, etc. Section 129 of the Revenue law (Hurd's Stat. 1899, p. 1415,) provides: "In all cases where any real property has heretofore been or may hereafter be forfeited to the State for taxes, it shall be the duty of the clerk, when he is making up the amount of tax due on such real property for the current year to add the amount of back tax, interest, penalty and printer's fees remaining due on such real property, with one year's interest at ten per cent, on all taxes heretofore forfeited, and twenty-five per cent on all taxes hereafter levied and forfeited on the amount of tax due, to the tax of the current year, and the aggregate amount so added together shall be collected in like manner as the tax on other real property for that year may be collected." The forfeiture of any one year, therefore, is a single item, including current and back taxes, together with forfeitures, costs, etc., all of which items are merged into one by the judgment of the county court and constitute a new forfeiture, (*Neff* v. *Smyth*, 111 Ill. 100; *Harland* v. *Eastman*, 119 id. 22;) and the statute expressly authorizes the county board, in the name of the People, to bring

suit for the whole amount due on forfeited property. The whole amount due is the amount of the forfeiture, and necessarily includes penalties, interest, costs, etc. The case of *Greenwood* v. *Town of LaSalle, supra,* was reversed on the ground that the judgment included ten per cent interest on the amount of the forfeiture from the date thereof to the date of judgment, and not because it included penalties, interest, costs, etc. In this case no claim is made for interest which has accrued since the last forfeiture, but the amount of the judgment was the amount for which the property was last forfeited.

The objection that the copies of the warrants to the town collectors for the taxes for the years named, as certified to by Philip Knopf, clerk of the county court of Cook county, should have been certified to by him as county clerk, is without force, as the tax judgment, sale, redemption and forfeiture records were properly certified to, and alone were sufficient to establish a *prima facie* case for appellee without introducing copies of said warrants.

The objection as to the form of the judgment was cured by filing in this court an amended record, duly certified by the clerk of the circuit court. Such certificate cannot be impeached by affidavit.

A number of other objections of a technical character have been made, which go merely to the regularity of the proceedings to collect this tax. In *Sanderson* v. *Town of LaSalle,* 117 Ill. 171, we held that where there has been a forfeiture of lands for taxes due thereon, an action of debt, under the statute, lies against the owner of the land to recover said taxes, and notwithstanding omissions or irregularities have occurred in the tax proceedings which would be fatal to a tax title founded thereon, the tax may be collected; that a forfeiture, in fact, of delinquent lands at a regular tax sale for the want of bidders for taxes legally due, is sufficient to charge the owner personally in an action against him for such taxes, and that

in such action irregularity in the prior proceedings to collect the taxes will not be inquired into.

We find no error in this record which would justify us in reversing this judgment. The judgment will therefore be affirmed.

*Judgment affirmed.*