## J. H. KUNEWA, DEPUTY ASSESSOR, *v.* J. K. KAANA-ANA.

APPEAL FROM DISTRICT MAGISTRATE, EWA.

SUBMITTED FEBRUARY 4, 1907.     DECIDED FEBRUARY 8, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

LIMITATIONS, STATUTE OF—*action for territorial taxes.*
> Under Sec. 10 of the Organic Act an action for taxes for the year
> 1899 is not barred· by the statute of limitations.

### OPINION OF THE COURT BY HARTWELL, J.

This was an action brought before the district magistrate of
Ewa by a deputy assessor and collector of taxes for the first. taxa-·
tion division of the Territory to recover of the defendant the
·sum of $193.70, personal and property taxes assessed to the de-
fendant during each year from 1899 to 1905, both inclusive.
The defendant making no appearance, the magistrate heard the
·evidence and gave judgment for the plaintiff for $177.60, being
the sum found to be payable for taxes assessed for the six years
prior to the action, and costs, but held that the plaintiff was not
·entitled to recover taxes for 1899 on the ground that the action
was barred by the statute of limitations, from which ruling the
plaintiff appealed.

The statute that "The following actions shall be commenced
within six years after the cause of such action accrued, and not
after" includes "actions for the recovery of any debt founded
upon any contract, obligation or liability excepting such as are
brought upon the judgment or decree of some court of record."
R. L., Sec. 1971.   The question presented is whether an action
to recover territorial taxes is within this statute.   As early as

1875 this court held that the statute of limitations of real actions does not run against the government. *Kahoomana v. The Minister of the Interior,* 3 Haw. 631. The same rule was applied,. in an action to recover rents, to a statute limiting the time to present claims against estates of decedent persons. *Minister of Interior v. Parke,* Administrator, 4 Haw. 366. In *Peacock v. Republic of Hawaii,* 11 Haw. 404, it was held that the statute could not be waived by an executive officer of the government. It is worthy of consideration whether these decisions are to be regarded as affecting the status of the Territory in a matter like this.

The defendant does not appear, but in a case involving the same question, pending before the district magistrate of Honolulu, we learn that the defense relies upon *Metropolitan R'd v. Dist. of Columbia,* 132 U. S. 1, claiming that the Territory,. like the District of Columbia, is bound by the statute from which only a sovereign state is exempt. The question in the case cited was "Whether the District of Columbia is, or is not, a municipal body merely, or whether it has such a sovereign character, or is so identified with or representative of the sovereignty of the United States as to be entitled to the prerogatives and exemptions of sovereignty." The court, after stating the organization of the District with subsequent changes, pointed out that prior to 1871 its government "was strictly municipal in its character," the United States, except for protection of its public buildings and property, taking no part in the local government "any more than any State interferes with the municipal administration of its cities." In 1871 an act of Congress made the District "a body corporate for municipal purposes with power to make contracts, sue and be sued, and to exercise all other powers of a municipal corporation not inconsistent with the Constitution of the United States." An act of 1874 abolished the government established in 1871 and authorized the President, with the consent of the Senate, to appoint a commission of three persons to. exercise the power then vested in the governor and board of public works. An act of 1878 declared that the District should

remain and continue a municipal corporation and that all rights of action and suits for and against the District were expressly preserved in statu quo. The court held that municipal corporations were within the terms of the law limiting the time within which actions should be brought by any person, saying, "It is just as much for the public interest and tranquillity that municipal corporations should be limited in the time of bringing suits as that individuals or private corporations should be," but declined to say whether an assertion by the municipality of a right of property in highways and other public places is or is not subject to the law of limitations since the question "may be affected by considerations which are not involved in the present case."

In several states, as in Pennsylvania, New Jersey, Rhode Island and Louisiana, it appears to be held that municipal corporations as trustees of the rights of the public are not bound by the statute but that in many other states, as in Vermont, Massachusetts, New York, Connecticut, Maryland, Virginia, North Carolina, South Carolina, Mississippi, Texas, Missouri, Kentucky, Ohio, Illinois and Iowa, the maxim nullum tempus occurrit regi is applied to sovereignty alone and municipal corporations, like natural persons, are subject to statutes of limitation. 2 Dill. Mun. Corp., 3 Ed., Sec. 674. The author, distinguishing betweeen municipal corporations in their public and their private character, says, "As respects property not held for public use or upon public trusts and as respects contracts and rights of a private nature there is no reason why such corporations should not fall within limitation statutes and be affected by them," and that he "cannot assent to the doctrine that as respects public rights municipal corporations are within ordinary limitation statutes. It is unsafe to recognize such principle." Ib. Sec. 675. This view is expressed in *Greenwood v. La Salle,* 137 Ill. 225, an action to recover a town tax, which holds that the statute is no defense to actions involving public rights.

The District of Columbia case is not based upon the fact that the District was organized as a municipal corporation with power to sue and be used for the court said in respect of the rule that

"no restrictive laws apply to the sovereign unless so expressed;" that whatever the reason "the privilege, however, is a prerogative one and cannot be challenged by any person inferior to the sovereign, whether that person be natural or corporate."

It is needless to say that the fact that this Territory is not made a municipal corporation by the terms of the Organic Act does not place it in the position of an independent state although the act clothes the Territory with many attributes of sovereignty giving the Constitution, perhaps beyond recall, "the same force and effect within the said Territory as elsewhere in the United States," and granting broad legislative power which may be modified and controlled by Congress although the exercise of the power, while kept within the terms of the grant, is not expressly made subject to the approval of Congress as provided in other territories. But within constitutional limitations the power of Congress over the Territory is supreme notwithstanding its delegation to the Territory of the right to exercise certain sovereign powers.

It is significant that the act of 1894-5, exempting the Hawaiian government from liability to suits except as therein provided, is continued in force under the Organic Act. *Coffield v. Territory,* 13 Haw. 478. But we do not pursue the discussion further as it is clear that the defendant cannot interpose the statute as a defense to the action to recover the tax payable in 1899 under Sec. 10 of the Organic Act, which declares "That all rights of action, suits at law and in equity, prosecutions and judgments existing prior to the taking effect of this Act shall continue to be as effectual as if this Act had not been passed; and those in favor of or against the Republic of Hawaii, and not assumed by or transferred to the United States, shall be equally valid in favor of or against the government of the Territory of Hawaii." The right of the Hawaiian government to the tax existed when the Organic Act took effect and would be impaired by subjecting its assertion to a statute of limitations.

The cause is remanded with instructions to modify the judgment by adding the sum found to be payable for the taxes of 1899.

*M. F. Prosser, Deputy Attorney General, (E. C. Peters, Attorney General, also on the brief,) for plaintiff.*

No appearance for defendant.