# THE PEOPLE OF THE STATE OF ILLINOIS

## *v.*

## IRWIN Z. SMITH.

1. TAXES—*penalty as to forfeited land.* Under the statute relating to the revenue, where a forfeiture of land to the State has occurred, the back tax and printers' fees, with one year's interest at ten per cent upon the amount of the tax, is to be added to the amount of the current year, and this regardless of the fact whether all the formalities required have been observed prior to the rendition of judgment as to the preceding year.

2. On an application for judgment against land for taxes, it is not competent to inquire whether the judgments for taxes of previous years were in strict conformity to the statute. If those judgments were erroneous, the remedy was by appeal or writ of error.

APPEAL from the County Court of Madison county; the Hon. M. G. DALE, Judge, presiding.

Mr. C. L. COOK, and Messrs. WISE & DAVIS, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an application by the county collector of Madison county, at the May term, 1879, of the county court, for judgment against lands for taxes for the year 1878, and back taxes, costs and penalties for the years 1876 and 1877.

One Irwin Z. Smith, who owned a certain tract, appeared and resisted judgment against his land for the amount claimed, on the ground that the statute had not been complied with prior to the rendition of judgments in 1877 and 1878.

The court on the hearing refused to render judgment for the amount claimed, $208.65, but rendered a judgment for

$199.98, the amount of taxes due for the year 1878, and the back taxes for the years 1876 and 1877, with six per cent interest on the back taxes. The collector claims that the judgment is erroneous, and by agreement the parties have certified the following questions for decision:

"1. Is it proper, in the present application for judgment by the collector against the land, when taxes have not been paid for several years on the land, and against which judgment has been obtained each year without any defence being made in writing or otherwise by the owner, for the court, in this application, which includes the taxes of the present year and all the taxes for said back years, with costs, interest, etc., attached, to allow the owner at this time to raise any defence which he could properly have raised when the judgments were obtained each year? Are not the judgments thus obtained each year against the owner settled, determined, and can he afterwards attack the amount of the judgments thus obtained? And if the forfeiture should be illegal in each year in which back tax is charged, and the application for this includes these illegal forfeitures, can judgment be rendered against the land for the back taxes, interest, penalties, etc., included in the illegal forfeitures?

"2. If the owner can go back—show the judgment and forfeitures were not legal—can the court in this proceeding add to the back taxes interest from the time the land was each year, respectively, sold, until the judgment, at the rate of six per cent per annum?"

It appears that judgment was rendered against the objector's land, in the years 1877 and 1878, for the taxes remaining due thereon in each of those years, and, for the want of bidders, it was forfeited to the State. Whether the judgments rendered in each of these years may be regarded as final and conclusive on the parties in this application, is a question which we do not deem it necessary to decide. As the land was forfeited to the State in each of the years 1877 and 1878, the question presented is, what amount the county clerk was

required to add to the assessment of 1878, on account of the forfeiture, when he extended the taxes for that year.

This question must be determined by the statute, as our entire revenue system is created by and depends upon the statute for its force and vitality. Sec. 129 of the Revenue law, R. S. 1874, page 879, provides: "In all cases where any real property has heretofore been or may hereafter be forfeited to the State for taxes, it shall be the duty of the clerk, when he is making up the amount of tax due on such real property for the current year, to add the amount of back tax, interest, penalty and printers' fees remaining due on such real property, with one year's interest at ten per cent on the amount of tax due, to the tax of the current year; and the aggregate amount so added together shall be collected in like manner as the tax on other real property for that year shall be collected."

This provision is followed by section 229, which declares: "The amount due on lands and lots previously forfeited to the State, and remaining unpaid on the first day of November, shall be added to the tax of the current year, and the amount thereof shall be reported against the county collector with the amount of taxes for said year; and the amounts so charged shall be placed on the tax books, collected, and paid over in like manner as other taxes." The section also authorizes the county collector to sell the lands in the same manner as if they had never been forfeited, and that the additions and sales shall be continued from year to year until the taxes are paid.

Under the requirements of these two sections of the Revenue law, there would seem to be but little doubt in regard to the amount for which a judgment could be obtained. Under the first section referred to, where a forfeiture to the State has occurred, the back tax, penalty, printers' fees, with one year's interest at ten per cent on the amount of the tax, is to be added to the amount of the ·current year, and this, too, regardless of the fact whether all the formalities required have

been observed prior to the rendition of the judgment. *The People* v. *Gale*, 93 Ill. 127.

It will be observed, that in defining the duty of the clerk in extending the taxes, no mention whatever is made of a judgment. Had the act provided that the penalty and printers' fees could be added only where a legal judgment had been rendered against the land, a different question would have been presented; but there is no such provision in the Revenue law. By the terms of section 129 the force or validity of a judgment seems to have been purposely left out of view. The language, " in all cases where any real property has been forfeited to the State," is so plain that it will admit of but one construction. The addition which the clerk was directed to make to the back tax, seems to have been required as a penalty upon the owner of the land for a failure to pay the taxes due, at the proper time, and we perceive no reason why it should not be imposed. Suppose the legislature had provided that where the tax due upon a tract of land was not paid, and the land was forfeited to the State, the clerk, in extending the taxes for a subsequent year, should add fifty per cent to the back taxes as a penalty upon the owner for a failure to pay his taxes when due. No reason is perceived why a provision of this character might not be enforced. If it could, upon the same principle, and for a like reason, the clerk could, under section 129, add to the back taxes ten per cent interest for one year and printers' fees as a penalty.

In our view, therefore, it is not important to inquire whether the judgments for taxes in the years 1877 and 1878 were strictly in conformity to the statute. It is sufficient that the clerk, in extending the taxes in 1878, was authorized by the statute to add certain amounts to the back taxes, and in the discharge of this duty he followed the law. This view can do no harm to the landowner. If the judgments rendered in 1877 and 1878, under which the land was forfeited to the State, were erroneous, he had a complete remedy by appeal or writ of error; but as he did not see proper to avail of this

remedy, he can not now complain of the action of the clerk in extending the taxes, which seems to be in conformity to the statute.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*