JOHN SENNOTT *et al.*

*v.*

MOREDOCK AND IVY LANDING DRAINAGE DISTRICT NO. 1.

*Filed at Mt. Vernon January 14, 1895.*

PARTIES—*foreclosure of lien for drainage assessment.* A bill to foreclose the lien of a special assessment made by a drainage district should be prosecuted in the name of the People of the State of Illinois, for the use of the drainage district, and not in the name of the drainage district. *Gauen* v. *Moredock and Ivy Landing Drainage District No. 1*, 131 Ill. 446, followed.

APPEAL from the Circuit Court of Monroe county; the Hon. GEORGE W. WALL, Judge, presiding.

WINKELMAN & MORRISON, for appellants.

E. P. SLATE, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The same identical error for which the decree was reversed in the case of *Gauen* v. *Drainage District*, 131 Ill. 446, is found in this record. This was a bill in chancery, originally brought in the name of the People of the State of Illinois, for the use of the Moredock and Ivy Landing Drainage District No. 1, of Monroe county, Illinois, against John Sennott, Ella Sennott, his wife, and others, to foreclose the lien of a certain assessment made by the drainage district, the assessment being the same one involved in the *Gauen case.* In this case, as in that, the proceedings were amended by striking out the name of the People of the State of Illinois, and the cause was thereafter prosecuted and the decree rendered in the name of the drainage district.

We held in the *Gauen case* that the bill should have been prosecuted in the name of the People of the State of Illinois, for the use of the drainage district, and that striking out the name of the proper complainant had rendered the proceeding so defective that it was necessary to reverse the decree and remand the cause for further proceedings. We have not taken the pains to examine this record to ascertain whether it presents, in other respects, the same questions considered and decided in the *Gauen case,* but on account of the defect in the proceedings above mentioned the decree will be reversed and the cause will be remanded to the circuit court, with leave to the complainant, if so advised, to amend the bill so as to make it conform to the requirements of section 253 of the Revenue law, and for further proceedings.

*Reversed and remanded.*