WILLIAM P. HAMMOND *et al.*

*v.*

THE PEOPLE, for use, etc. *et al.*

*Opinion filed February 22, 1899.*

1. DRAINAGE—*lien for drainage assessment may be foreclosed in equity.* A bill in chancery in the name of the People is a proper remedy, under section 253 of the Revenue act, (Laws of 1881, p. 130,) to foreclose a lien for drainage assessments which have been forfeited for over two years. (*Hammond v. People,* 169 Ill. 545, followed.)

2. SAME—*county court cannot increase the amount allowed by jury for repairs.* A decree foreclosing a lien for forfeited drainage assessments should not include an amount allowed by the county court as a repair assessment in excess of the amount awarded by the jury.

3. SAME—*land must bear cost of foreclosure of lien for drainage assessments.* The cost of proceedings to foreclose a lien for drainage assessments in a manner authorized by law must be taxed against the land subjected to the lien.

WRIT OF ERROR to the Circuit Court of Hancock county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

MANIER, MILLER & WILLIAMS, TRUMAN PLANTZ, and O'HARRA & SCOFIELD, for plaintiffs in error.

WILLIAM N. GROVER, (OLIVER J. BAILEY, *pro se,*) for defendants in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This was a bill in chancery brought in the name of the People of the State of Illinois, as complainants, for the use of the People, the county of Hancock, the town of Rocky Run, school district No. 5 in said town, and the Hunt drainage district, against the plaintiffs in error, impleaded with Virginia W. Hammond and others, to foreclose a lien for the taxes, special assessments, penalties, interest and costs against the north-west quarter of section 8, township 3, north, range 9, west of the fourth principal meridian, under section 253 of the Revenue act, it being claimed that this tract had been legally forfeited for taxes for two or more years. Upon answers filed the cause was referred to a master, and stipulation filed with him showing certain admitted facts regarding forfeiture of the land for taxes, interest, special assessments and costs, and that such forfeited taxes were carried forward to the current tax for the next year and was so done for several successive years, being more than two. The master found that the judgment rendered by the county court for the year 1893, amounting to the total sum of $641.59 for taxes, interest, special assessments and costs, including the special assessment of the Hunt drainage district, was legally chargeable upon said tract of land, and that the complainants were entitled to foreclose such lien in equity, as prayed for in the bill. Exceptions were filed to this report, which were by the master overruled. On hearing, the same exceptions were overruled, whereupon the court entered a decree approving the master's report and ordering foreclosure on June 25, 1894. Defendants prayed an appeal to this court, which was granted, conditioned upon the filing of bond within thirty days. That appeal was never perfected. On the 19th day of September, 1894, the county treasurer filed in the circuit clerk's office his report showing sale made on September 8, 1894, of the land in question, under the decree above

mentioned, to Oliver J. Bailey for $707.64, which was paid and the money distributed in accordance with the terms of the decree. The matter thus continued until September, 1896, when, on the day redemption would have expired under the statute, this writ of error was sued out against the People of the State of Illinois and Oliver J. Bailey, the purchaser under the decree of foreclosure.

The first contention raised by plaintiffs in error is, that a proceeding in equity will not lie in the name of the People for the foreclosure, under section 253 of the Revenue act, (Hurd's Stat. 1897, p. 1358,) for taxes or special assessments, where there have been two or more forfeitures of the premises for non-payment, and want of bidders at the sale. It is urged this does not apply to special assessments for drainage purposes, and that a court of equity has no jurisdiction to entertain a bill brought for the purpose of foreclosing such a lien. We had occasion to pass directly upon this question adversely to this contention in the case of *Hammond* v. *People*, 169 Ill. 545, in which many of the same parties to the present suit were interested. We held in that case a bill of this character would lie under that section of the statute, and that it was a proper remedy. Without further expression of our views on that question, we hold a bill in chancery to foreclose drainage assessments which have been forfeited to the people for two years or more is a proper remedy to collect such assessments and to subject the land to their payment.

The second question raised by plaintiffs in error is, that there was no valid forfeiture of the land against which the lien is claimed, and that therefore equity has no jurisdiction. This question also was fully considered by us in *Hammond* v. *People, supra.* We held in that case the question of whether there was a valid forfeiture could not be raised in a proceeding of this character.

Objection is urged against the decree of the circuit court in this case for the reason, as stated, that the

amount found due the complainants in the original bill included the sum of $28.30 repair assessment allowed to the drainage district by the county court in excess of the amount found by a jury empaneled for that purpose, and also $6.16 penalties computed upon the forfeiture. In the case of *Hammond* v. *Carter*, 161 Ill. 621, which was an action for ejectment by a party holding a tax deed acquired upon a sale of lands for special assessments similar in character to these, we held the statute did not authorize the county court to make any order for any additional assessments for reparation purposes in excess of the amount found necessary by a jury empaneled for that purpose, as provided by the statute. It is apparent, therefore, the above amount included in the decree of foreclosure in this case was excessive and erroneous to that extent. This is conceded by counsel for defendants in error in this cause, as is also the fact that the decree was excessive to the extent of $6.16 excessive penalties.

It is also urged it was error for the chancellor to tax the costs of foreclosure against the land sought to be subjected to the lien of these assessments. These costs should follow the decree in the same manner as in other suits of similar character to enforce liens. The owner of the land refused or neglected to pay these assessments. This proceeding in equity authorized by the statute was necessary to collect them. Such being true, equity would require that he or the land be charged with payment of such legal costs.

The decree of the circuit court in including the sum of $28.30 annual repair tax and $6.16 excessive penalties was error. The decree of the circuit court of Hancock county is therefore reversed and the cause is remanded.

*Reversed and remanded.*