WILLIAM P. HAMMOND *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS, for use, etc.

*Opinion filed February 22, 1899—Rehearing denied April 7, 1899.*

1. JURISDICTION—*jurisdiction of court in proceeding to foreclose tax lien does not end with decree.* The jurisdiction of a court of equity in a proceeding to foreclose a lien for drainage assessment does not end with the decree of sale, but as long as the cause is pending the court may approve a deed made under the decree and put the purchaser in possession, if there has been proper notice and demand.

2. JUDICIAL SALES—*bona fide purchaser not affected by errors in proceedings leading to decree.* In the absence of fraud or collusion in the procurement of a decree of sale for taxes, a *bona fide* purchaser in good faith for value cannot be disturbed or divested of his title because of error in the decree under which the sale was made.

APPEAL from the Circuit Court of Hancock county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

MANIER, MILLER & WILLIAMS, TRUMAN PLANTZ, and O'HARRA & SCOFIELD, for appellants.

WILLIAM N. GROVER, for the People.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is an appeal from an order approving a deed made under a judicial sale in a proceeding to foreclose for delinquent drainage assessments and taxes, and an order directing possession of the premises so sold to be delivered to the purchaser.

A bill was filed under section 253 of the Revenue act, under which a decree for foreclosure was entered against certain land of appellants for delinquent drainage assessments and other taxes. A sale was made under this decree and a certificate was issued to the purchaser, Oliver J. Bailey. Shortly before the time of redemption expired the defendants to that decree sued out from this court

a writ of error to review the proceedings in that record. The same was not made a *supersedeas*. At the expiration of the time of redemption the purchaser procured a deed and entered a motion for an order confirming the same, and asking that the possession of the land so sold under such judicial sale be delivered to him. The circuit court approved the deed and allowed the motion, ordering that the defendants, and all persons claiming under them at the time of the commencement of the proceedings or since, be ordered to surrender and deliver to the purchaser the possession of the lands so sold. From these orders an appeal was prosecuted, in which it was urged the court had no jurisdiction of the subject matter under the section, and hence had no power to make any order affecting appellants or to order the possession of the lands surrendered to the purchaser, and that even if the court had jurisdiction it ended with the decree of sale, and therefore it was error to enter such orders. On the writ of error so sued out of this court it was held in *Hammond* v. *People*, 169 Ill. 545, that the decree was for too great a sum and the same was modified.

The propositions presented by appellants on this appeal cannot be sustained. The statute expressly gives the court jurisdiction to foreclose for taxes of this character. (*Hammond* v. *People, supra*.) So long as the proceeding is pending before a court of chancery that court has jurisdiction and power to approve a deed made under such decree, and to carry out its decree by placing the purchaser in possession, where there has been proper notice and demand for possession. Under a judicial sale, where a *bona fide* purchaser has been guilty of no fraud or collusion in the procurement of the decree or in a sale thereunder, but purchases in good faith for value, he can not be disturbed or divested of his title because of error in the decree under which the sale was made. *Wadhams* v. *Gay*, 73 Ill. 415; *Sibert* v. *Thorp*, 77 id. 43; *Swift* v. *Yanaway*, 153 id. 197.

We are not called upon in this proceeding to pass on a question of title, nor determine the absolute rights of the parties under this deed. The court had jurisdiction of the subject matter and could approve the deed, and on such approval was authorized to direct possession to be delivered thereunder.

The order and decree of the circuit court of Hancock county are affirmed.

*Decree affirmed.*