THE ELMWOOD CEMETERY COMPANY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 26, 1903.*

1. TAXES—*evidence required to make prima facie case in suit for taxes.* In an action of debt for taxes, the collector's warrant, together with the tax judgment, sale, forfeiture and redemption record, are *prima facie* evidence of the assessment and levy of the taxes, the years for which they were assessed and levied, and that the taxes were due and unpaid and the lands forfeited to the State.

2. SAME—*proof of forfeiture raises presumption of offer of sale.* In an action of debt for taxes, if it is established that the lands were forfeited to the State it will be presumed that there was an offer of the property for sale and a failure to sell for want of bidders.

3. SAME—*when judgment sustaining objections to application for sale is conclusive.* A judgment of the county court sustaining objections to an application for judgment of sale for taxes upon the ground that the property was exempt as a public cemetery is conclusive upon the parties until reversed or set aside in a direct proceeding.

4. SAME—*when land owner is not estopped by judgment.* A judgment by default for general taxes does not estop the land owner from raising the objection, in an action of debt for the taxes, that the land was exempt from taxation, since such objection is within the exception contained in section 224 of the Revenue act as amended in 1879. (Laws of 1879, p. 253.)

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. FARRAND, Judge, presiding.

This is an action of debt, begun on July 29, 1901, in the name of the People of the State of Illinois against appellant, the Elmwood Cemetery Company, to recover the amount alleged to be due for taxes upon certain real estate, for the non-payment of which the land was forfeited to the State. As originally instituted, the suit was for taxes for the years 1896, 1897, 1898 and 1899, and the sum of $1446.87 was alleged to be due for said taxes, penalties, interest and costs. A plea of *nil debet* was filed, and afterwards there were filed certain additional pleas, alleging, first, that the land in question during each of the years named was used exclusively as a graveyard, or ground for burying the dead, and by virtue of the statute was exempt from taxation; second, that no action could be maintained for the taxes of 1896, because at the July term, 1897, of the county court of Cook county, the county treasurer and collector of that county had made application for judgment of sale of the land for delinquent taxes for the year 1896, and prior years, and, upon objections being filed by the owner setting up the exemption aforesaid, the county court had sustained such objections and refused the application for sale; third, that no action could be maintained for the taxes of 1897, 1898 and 1899, because at the July term, 1900, of the county court of Cook county, application was again made by such treasurer and collector for judgment of sale of said land for delinquent taxes for the year 1899 and prior years, and, upon objections being filed setting up the exemption aforesaid, the objections were again sustained, and the application for judgment was again refused, all of which proceedings in the county court it is alleged took place prior to the commencement of the present suit. Replications to these pleas were filed denying that the land in question was exempt, and denying that the land was used solely and exclusively as a graveyard, and setting up sundry proceedings which, it is alleged,

resulted in the forfeiture of the land in the years 1896, 1897, 1898 and 1899.

A general demurrer was interposed to the replications to said second and third pleas, and was sustained; and thereafter, on February 21, 1902, an amended declaration was filed, in all respects similar to the original declaration, except that it contained no claim on account of the taxes of 1896 and 1899, and relied solely upon the alleged forfeitures of 1897 and 1898, the amount alleged to be due being $835.04. The defendant pleaded, first, the general issue; second, that the land was exempt from taxation by reason of its use for burial purposes; and third, the proceedings above mentioned in the county court at the July term, 1900, were set up, wherein the county collector's application for judgment of sale of the land for the delinquent taxes for the year 1899, and prior years, was refused.

It was admitted of record that the defendant below, the Elmwood Cemetery Company, owned the land in question on the first day of May and the first day of April, 1897 and 1898, and still owns the same. The land is described as follows: (Except railroad and except north two acres of the east half of the south-west quarter of the south-west quarter) the north-east fractional quarter of section 26, town 40 north, range 12, containing 158.84 acres.

The People, plaintiff below, offered in evidence certified copies of the warrants to the collector for the taxes for the years 1897 and 1898, and a certified copy of tax judgment, sale, redemption and forfeiture record for the year 1899, to the introduction of which objection was made, but it was received subject to such objection.

The defendant below introduced a transcript of the record of the county court of Cook county in the matter of the application of the county treasurer and *ex officio* county collector for judgment for delinquent taxes for the year 1899 and prior years, which contains the objec-

tions filed by the Elmwood Cemetery Company on July 9, 1900, to the entry of judgment against the land aforesaid. Among the reasons, urged in support of said objections, were the following: "(1) Said premises above noted, at the time of levying and assessing said taxes, were, and are, and consist of, lands used exclusively as graveyards and grounds for burying the dead. (2) Said Elmwood Cemetery Company is a corporation organized under the laws of the State of Illinois for the purpose of owning, managing and conducting graveyards or places for burying the dead, and said premises comprise and constitute the entire real estate holdings of said Elmwood Cemetery Company, all of which are used and set apart to the sole and exclusive purpose of interment or burying the dead. (3) Said premises have, by permits in due form from the proper authorities, been established as graveyards or places of burial. (4) Said premises have not at any time since the assessment or levying of said tax been used for, or appropriated to, any other use or purpose than for such graveyards or grounds for burying the dead."

Other objections were made, substantially the same as those above quoted, but applying more particularly to the tax for the year 1899. Still other objections are made, which it is unnecessary to mention in order to decide the present controversy. In the proceedings of July, 1900, introduced by the defendant below, an order was entered on July 20, 1900, by the county court, wherein, after reciting that the cause came on to be heard upon the foregoing application, and the objections thereto, it was ordered by the court that said objections, in so far as they related to the property of the cemetery company as hereinbefore described, "be and are hereby sustained, and said application for judgment is hereby refused as to said property."

In the present proceeding here sought to be reviewed, and on February 28, 1903, the court entered a judgment

order, wherein it "found the issues in favor of the plaintiff and assessed the plaintiff's damages at the sum of $835.04, to which finding of the court the defendant then and there excepted." The defendant made a motion for a new trial, which was overruled, and thereupon judgment was entered upon the finding, to the entry of which an exception was taken. The present appeal is prosecuted from the judgment, so entered by the circuit court on February 28, 1903.

DONALD L. MORRILL, for appellant.

ROBERT S. ILES, ROBERT DELOS MARTIN, and STILLMAN B. JAMIESON, for the People.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This action of debt is brought under section 230 of the Revenue law, which provides as follows: "The county board may, at any time, institute suit in an action of debt in the name of the People of the State of Illinois in any court of competent jurisdiction for the whole amount due on forfeited property; or any county, city, town, school district or other municipal corporation, to which any such tax may be due, may, at any time, institute suit in an action of debt in its own name, before any court of competent jurisdiction, for the amount of such tax due any such corporation on forfeited property, and prosecute the same to final judgment. * * * And in any such suit or trial for forfeited taxes, the fact that real estate or personal property is assessed to a person, firm or corporation, shall be *prima facie* evidence that such person, firm or corporation was the owner thereof, and liable for the taxes for the year or years for which the assessment was made, and such fact may be proved by the introduction in evidence of the proper assessment book or roll, or other competent proof." (Hurd's Stat. 1899, p. 1433).

*First*—It is first claimed by the appellant, that the evidence, produced in behalf of the appellee, is insufficient to sustain the judgment of the court. The principal point, made under this general objection, is that, while the documentary proof, introduced by the appellee, tends to show a substantial compliance with some of the requirements essential to establish a forfeiture for unpaid taxes, it does not contain any evidence, showing that the land in question was ever offered for sale for the unpaid taxes of 1897, or for the unpaid taxes of 1898, and that the same was not sold for want of bidders. "To create a forfeiture there must have been a judgment, a process in substantial conformity with the requirements of the statute authorizing the sale of the property, an offer of the property for sale, and a failure to sell for want of bidders." (*People* v. *Henckler*, 137 Ill. 580, and cases cited).

It is true that no affirmative evidence was introduced by the appellee upon the trial below, showing an offer of the property for sale and a failure to sell for want of bidders. But the amended declaration in the case alleges that the land in question was forfeited to the State for the taxes of the years 1897 and 1898, and the tax judgment, sale, forfeiture and redemption record was introduced in evidence by the appellee, and showed that the lands in question were forfeited for the years 1897 and 1898 at the regular tax sales. This evidence was not contradicted by the appellant, nor rebutted in any way. The collector's tax warrant, together with the tax judgment, sale, forfeiture and redemption record, unrebutted, was sufficient evidence of the assessment and levy of the taxes, the amount of the same, the years in which they were assessed and levied, and that the taxes were due and unpaid, and that the lands in question were forfeited to the State as therein shown. (*Carrington* v. *People*, 195 Ill. 484; *Gage* v. *Parker*, 103 id. 528; *Mix* v. *People*, 86 id. 312; *Durham* v. *People*, 67 id. 414; *Chiniquy* v. *People*, 78 id. 570). In *Carrington* v. *People*, *supra*, we have recently held

that, in an action of debt to recover taxes, costs and penalties due on property which has been forfeited to the State for want of bidders at the tax sale, a *prima facie* case is made by introducing in evidence a certified copy of the tax judgment, sale, redemption and forfeiture record, together with proof that the defendants were the owners of the property in the years, for which the unpaid taxes were levied. The documentary records, introduced in evidence by the appellee upon the trial below, show a forfeiture, and, until the contrary is proven, it will be presumed that the antecedent steps, which precede the forfeiture, were taken in accordance with the requirements of the statute. That is to say, it being established that there was a forfeiture, it will be presumed that there was an offer of the property for sale and a failure to sell for want of bidders. It was admitted upon the trial that appellant was the owner of the property on the first days of May and the first days of April, 1897 and 1898, and that it still owned the land at the time of the trial. Therefore, all the requirements to establish a *prima facie* case for the purpose of showing, that the property had been forfeited to the State, were established by the evidence. Appellant introduced no evidence to overthrow the *prima facie* case thus made, nor did it introduce any evidence to show that the property in question was used for burial purposes in the years 1897 and 1898.

*Second*—But, upon the trial below, the appellant introduced certain proceedings, which took place in the county court of Cook county in July, 1900, wherein, on July 20, 1900, that court, upon the application of the county collector for judgment of sale for the general taxes of the year 1899 and prior years, sustained objections to the effect that the premises in question, at the time of levying the taxes for the years 1897 and 1898, as well as 1899, were used exclusively as graveyards and grounds for burying the dead, and, on that account, were exempt from taxation; and, in sustaining such objec-

tions, refused the application of the collector for judgment as to the property in controversy. The exemption of the land on account of its use for burial purposes was the question at issue under the objections in the proceeding in July, 1900. The parties to that proceeding were the same as the parties to the present proceeding, and, the question being the same, we see no reason why the judgment, rendered on July 20, 1900, is not conclusive upon the same parties in this proceeding.

In *Graceland Cemetery Co.* v. *People*, 92 Ill. 619, an application was made to the county court for judgment for taxes, and, among the objections filed why the application for judgment should be denied, was a claim on the part of appellant that the lands in question were, under the provisions of the company's charter, exempt from taxation. This in that case was the main question upon the hearing—indeed, the only one to which the evidence was directed or relied upon in the argument; and we held in that case that the determination of the county court, upon an application for an order for the sale of land for taxes due thereon, was a judgment, whether the same was adverse or in favor of the party resisting the same, and that such judgment was conclusive upon the parties, where the court had jurisdiction, until it was reversed or set aside by some legal proceeding instituted for that purpose. It was also held in *Graceland Cemetery Co.* v. *People, supra,* that the judgment of the county court, holding that lands are not liable to taxation for certain years, on application for judgment against the same, is a conclusive bar until reversed, .as against a second application for judgment for the taxes of the same year.

It cannot be said that there was any want of jurisdiction in the county court, which rendered the judgment of July 20, 1900, sustaining the objection that the property was exempt from taxation. If that judgment was erroneous, the present appellee should have taken proceedings to reverse the same. In this collateral pro-

ceeding it is conclusive upon the parties. The proceeding of July, 1900, as it is presented in the present record, involved a trial upon the merits, and the court had jurisdiction of the persons and of the subject matter of the suit. We are unable to see why the doctrine of the case of *Graceland Cemetery Co.* v. *People, supra,* is not applicable to the case at bar. (See also *Riverside Co.* v. *Howell,* 113 Ill. 256; *Belleville Nail Co.* v. *People,* 98 id. 399; *Gage* v. *Bailey,* 102 id. 11; *Stamposki* v. *Stanley,* 109 id. 210). The judgment of the county court, acting within its jurisdiction, cannot be collaterally attacked. (*Hammond* v. *People,* 169 Ill. 545; *Riebling* v. *People,* 145 id. 120). It cannot be here contended that the county court, in rendering the judgment sustaining the objections in question, in July, 1900, could not consider the question, whether the judgments for taxes entered in 1897 and 1898 were valid, or not. The appellant was not estopped, in the proceedings of July, 1900, from raising the question, that the land was exempt as burying land, on account of the judgment entered against the land in the year 1899, for the reason that that judgment was entered by default, and it has been held by this court that a judgment against land by default for delinquent taxes is not conclusive against the owner as to the legality of all the taxes included in the judgment, and he may show that a part of the tax is illegal, and thus defeat the sale in a collateral proceeding, as, in ejectment to recover under a tax deed; and that such judgment is to be distinguished from a judgment affirming a special assessment, which is conclusive upon the land owner. (*Riverside Co.* v. *Howell,* 113 Ill. 256, and cases there referred to; *Gage* v. *Goudy,* 141 id. 215).

There is another reason why the appellant was not estopped from raising the question here under consideration in the application for judgment in July, 1900, and that is, that the real estate, against which judgment was applied for in that case, was not liable to the tax sought to be enforced against it. It is contended that, under the

amendment to the Revenue law passed in 1879, as contained in section 224 thereof, the judgment of the county court, whether rendered with or without the appearance of the land owner, should be held conclusive of this or any other objection to the entry of judgment, which might have been interposed before the judgment was entered. But in *Gage* v. *Goudy, supra,* we said in answer to this contention (p. 224): "We have frequently held, both before and since the passage of said amendment, that, where a judgment for taxes includes either illegal taxes or illegal costs, and the land owner does not appear and contest the entry of judgment, these objections may be raised by way of a collateral attack upon the title to lands claimed through a sale under such judgment, and that the judgment is in such case no estoppel. And this is the settled doctrine of this court. (Referring to cases). The theory upon which cases of this character have proceeded since the adoption of said amendment is, that they come within the exception made by the amendment, viz., cases where 'the real estate was not liable to the tax or assessment.'" Said section 224 (Laws of Ill. of 1879, p. 253) provides that "any judgment for the sale of real estate for delinquent taxes rendered after the passage of this act * * * shall estop all parties from raising any objections thereto or to a tax title based thereon, which existed at or before the rendition of such judgment, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and, as to all such questions, the judgment itself shall be conclusive evidence, of its regularity and validity in all collateral proceedings, except in cases where the tax or special assessments have been paid, or the real estate was not liable to the tax or assessment." (*Carrington* v. *People, supra*).

The case at bar comes within the exception specified in the amendment, because the objection, that the land here in controversy was exempt because of its use as a

burying ground, is tantamount to the objection that it was not liable to the tax sought to be imposed upon it. The constitution of 1870 (sec. 3, art. 9) provides that "such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemption shall be only by general law." In pursuance of this constitutional provision the legislature passed a revenue law, the second section of which provides that "all property, described in this section to the extent herein limited, shall be exempt from taxation, that is to say:  *  *  *  *Third*, all lands used exclusively as graveyards or grounds for burying the dead." (Hurd's Stat. 1899, p. 1393).

In view of the fact, that the objection here under consideration comes within the exception mentioned in the amendment of 1879 to the Revenue law, such cases as *People* v. *Smith*, 94 Ill. 226, and *Biggins* v. *People*, 106 id. 270, cannot be held to apply.   The objection, here made to the effect that the land was exempt from taxation altogether, cannot be regarded as a mere irregularity, so far as the former judgments rendered in 1897 and 1898 are concerned. In regard to such judgments it cannot be said that, in rendering the same, there was a failure to observe a mere formality, such as is mentioned in the two cases last referred to.

While we are inclined to hold that the first objection, made by appellant to the effect that the evidence produced by appellee is insufficient to sustain the judgment below, is not well taken, we are yet of the opinion that the second objection as to the conclusiveness of the judgment of the county court rendered in July, 1900, is well taken.

Therefore, the judgment of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.                              *Reversed and remanded.*